GEORGE L. SNOW *vs.* LEANDER WEEKS.

Knox. Opinion August 6, 1885.

*Taxes. Interest. R. S., 1871, c. 6, § 93. Stat. 1876, c. 92.*

Without a distinct vote determining when taxes should be payable, the payment of interest on taxes cannot lawfully be enforced. A vote declaring that interest shall be collected after a time named is not sufficient, under R. S., 1871, c. 6, § 93 and stat. 1876, c. 92.

As treasurer and collector of taxes, who issues his warrant to the sheriff, or his deputy, for the collection of a tax, " with interest thereon " from a date named, is liable in damages to the person arrested upon such warrant, if the payment of interest could not be lawfully enforced.

ON REPORT. The case has once before been at the law court and is reported 75 Maine, 105.

Trespass against the treasurer and collector of taxes for the city of Rockland. The opinion states the material facts. The report provided that if the plaintiff was entitled to recover, the defendant should be defaulted and the damages be assessed by a jury.

*A. P. Gould*, for the plaintiff.

*D. N. Mortland*, for the defendant.

The opening clause of the stat. 1876, c. 92 : " Whenever a city or town has fixed a time, " etc., was simply an introductory phrase, to be followed by the gist of the matter — the rate per cent. of interest to be charged. The stat. was loosely drafted, and when taken in connection with R. S., 1871, c. 6, § 93, as it then stood, shows plainly that it was passed merely to regulate the rate per cent. of interest and nothing more.

It is obvious that one vote, declaring that after a certain time interest shall be charged at a given rate, is all that the statutes require. That is the construction the legislature itself has placed on these statutes. See R. S., 1883, c. 6, § § 120, 121.

To hold that two votes are necessary would be to declare that nine-tenths, if not all the towns in the state, have illegally charged interest and collected it by distress on property, or arrest of the person, and thereby subject them to innumerable actions at law similar to this now before the court. It would be a dangerous precedent to establish, and one that would make it extremely difficult to find men who would be willing to take the risk attending upon any town office, if this court should hold that town officers must at their peril construe a statute which is so blind that the legislative committee on revision of the statute, composed of eleven of the ablest lawyers of this state, failed properly to interpret.

" The law seeks to uphold official acts. In all reasonable cases, it presumes that officials have acted legally. It affords ample aid and encouragement to an official who is honestly endeavoring to execute a public trust. " *Snow* v. *Weeks*, 75 Maine, 105.

Counsel further cited : *Caldwell* v. *Hawkins*, 40 Maine, 528 ; *Judkins* v. *Reed*, 48 Maine, 386 ; *Bethel* v. *Mason*, 55 Maine,

503 ; *Ford* v. *Clough*, 8 Maine, 342 ; *Kingsley* v. *Hall*, 9 N. H. 190 ; *Erskine* v. *Hornbach*, 14 Wall. 613 ; *Nowell* v. *Tripp*, 61 Maine, 431 ; *Seekins* v. *Goodale*, 61 Maine, 404.

WALTON, J. The plaintiff, having been arrested on a warrant issued by the defendant, as treasurer and collector of taxes of the city of Rockland, claims that the arrest was illegal, and brings this action to recover the damages which he says he thereby sustained.

The city counsel of Rockland had voted that the collector be instructed to allow a discount of eight per cent on all taxes paid during the month of August, and four per cent on all taxes paid during the month of September, and that, " on all taxes unpaid after the last day of December, interest must be collected. " But there was no distinct vote by the city council determining when the taxes should be payable ; and the question is whether without such a vote, the payment of interest could lawfully be enforced. We think it could not. The statutes authorizing the collection of interest are explicit, and make it a condition precedent, that the town or city shall first fix the time when the taxes are payable.

The Revised Statutes of 1871, c. 6, § 93, declare that " towns, at their annual meetings, may determine when their taxes shall be payable, and that interest shall be collected after that time, " and the act of 1876, c. 92, extending this power in terms to cities as well as towns, and limiting the amount of interest, declares that " whenever a city or town has fixed a time within which taxes assessed therein shall be paid, such city, by its city council, and such town, at the meeting when money is appropriated or raised, may vote that on all taxes remaining unpaid after a certain time, interest shall be paid at a specified rate, not exceeding one per centum per month ; and the interest accruing under such vote or votes, shall be added to and be a part of such taxes. "

We think it is clear that under a fair interpretation of these statutes, a compulsatory collection of interest can not be justified, without a definite and distinct vote fixing the time when the taxes are payable. A vote declaring that interest shall be

collected after a certain time named, is not sufficient. Interest may, and generally does, commence to run before the principal is payable; and a vote declaring when interest shall commence, is by no means equivalent to a vote fixing a time when the principal shall be payable.

Such being the law, we are forced to the conclusion that the warrant issued by the defendant for the arrest of the plaintiff, was illegal. It directed the sheriff or his deputy to collect interest, as well as the principal, remaining due upon the plaintiff's taxes. We think an arrest upon such a warrant would be an actionable wrong. No justification is found in the defendant's warrant from the assessors, for that did not direct him to collect interest. It directed him to collect the taxes actually assessed, but it did not direct him to collect interest. It made no mention of interest. And no justification is found in the vote of the city council, for that is defective and insufficient upon its face. If the warrant from the assessors had contained such a recital of facts as would justify a collection of interest, and also a direction to the defendant to collect interest, then, being an instrument legal upon its face, and coming from competent authority, the defendant · could justify under it, although the recitals were not in fact true. But the warrant from the assessors to the defendant contained no such recitals, and the principle invoked in his defense, and the authorities cited in support of it, do not apply.

When this case was before the law court on a former occasion, the court held that inasmuch as the warrant which the defendant issued to the sheriff contained an averment of a vote by the city of Rockland, fixing a time when its taxes should be payable, this averment should be deemed to be true, unless the contrary should be proved. In other words, that such a recital by a sworn officer is *prima facie* evidence of the fact. But the contrary is now proved. An inspection of the city records, and the testimony of the clerk, show that no such vote was passed. Consequently, the averment must be disregarded, and the truth allowed to prevail.

The result is that the defendant must be defaulted, and the damages assessed by a jury, as agreed in the report.

> *Defendant to be defaulted. Damages*
> *to be assessed by a jury.*

DANFORTH, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.

PETERS, C. J., did not concur.