GEORGE JORDAN *vs.* JOSEPH J. HOPKINS.

Hancock.    Opinion December 12, 1892.

*Tax.   Assessment.   Unsworn Assessor.*

An action cannot be sustained, by a town collector, for the collection of taxes which were assessed against the defendant by two assessors legally chosen and sworn and another person chosen and sworn as a selectman only. The participation of the latter contaminates the assessment.

ON REPORT.

The facts appear in the opinion.

*F. L. Mason*, for plaintiff.

Counsel cited : *Cressey* v. *Parks*, 76 Maine, 534 ; *Patterson* v. *Creighton*, 42 Maine, 367 ; *Boothbay* v. *Race*, 68 Maine, 351 ; *Johnson* v. *Goodridge*, 15 Maine, 29 ; *Bangor* v. *Lacey*, 21 Maine, 472 ; *Foxcroft* v. *Nevins*, 4 Maine, 75 ; *Williamsburg* v. *Lord*, 51 Maine, 599 ; *Machiasport* v. *Small*, 77 Maine, 113 ; *Lowe* v. *Weld*, 52 Maine, 588.

*Wiswell and King*, for defendant.

PETERS, C. J.    The report of the evidence in this action, brought in the name of the collector of the town of Otis to recover certain taxes assessed in 1886 against the defendants, establishes the following facts : At the annual town meeting of Otis in March, 1886, Willard D. Fogg, Frank W. Fogg, and Benjamin Jordan were chosen selectmen.    Thereupon it .was voted that the selectmen be also assessors and overseers of the poor.    The clerk's record declares in general terms that all the officers chosen at the meeting were sworn.    By oral evidence it is proved that the manner of swearing in the officers was that they stood together before the town clerk who administered the oath as follows : "You, gentlemen, having been chosen in as officers of this town, you solemnly swear that you will perform all the duties required in your special offices to the best of your ability and judgment and according to the law, so help you God."

At some time after this, Benjamin Jordan resigned his offices on account of his removal from town, and, at a town meeting holden on April 27, 1886, John G. Remick was chosen selectman in his place, and he was, on April 30th, sworn as a selectman only.    At this meeting no one was by any vote chosen assessor. The assessment made by the assessors, the commitment and record are signed by the two Foggs alone, but the warrant to the collector is signed by them and also by Remick, the newly elected selectman.    All the papers exhibited in evidence of the assessment bear the date of May 12, 1886.

It is admitted that Remick, who was not sworn as assessor, could not legally act in that capacity, and it is so settled by the case of *Dresden* v. *Goud*, 75 Maine, 298.    But the plaintiff contends that, although Remick was not sworn as an assessor, the original board were legally sworn as assessors, and that two of such board could legally assess the taxes.    The plaintiff further argues that the case of *Williamsburg* v. *Lord*, 51 Maine, 599, does not militate against this position, because that was a case of an alleged forfeiture, and that the other case, relied on by the defendants, (*Machiasport* v. *Small*, 77 Maine, 109,) does not

overrule his position, because the claim there was also a claim of forfeiture or a claim of that nature.

Those may be interesting questions, but we need not pass upon them now, inasmuch as we feel constrained to decide that the assessment was vitiated by the illegal participation of the unsworn assessor in making the same. Remick was chosen and pretendedly qualified in April, and the assessment was not finished until about two weeks afterwards. What part he acted as an assessor, more than signing the warrant as such, does not distinctly appear, but his associate Fogg testifies that the original three assessors worked together until the other was chosen, and the strongest presumption arises that the new board acted together after that time. So that the facts of the present case are more conclusive against the validity of the tax than were the facts exhibited in the cases cited.

*Plaintiff nonsuit.*

VIRGIN, LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.