. INHABITANTS OF FOXCROFT

*vs.*

THE PISCATAQUIS VALLEY CAMPMEETING ASSOCIATION.

Piscataquis.   Opinion December 9, 1893.

</div>

*Taxes.  Exemption.  Over-valuation.  R. S., c. 6, clauses II and IV.*

Where land belonging to a religious society, or benevolent and charitable institution, or both, is used for the stabling of horses for hire, let for victualing purposes, and for the use of cottagers, it is not occupied by the association for its own purposes within the meaning of the statute, R. S., c. 6, § 6, clauses II and IV, so as to exempt it from taxation.

A tax may be recovered at law, although laid in gross, if any part of the land be taxable.

See *Foxcroft* v. *Straw, ante,* p. 76.

ON REPORT.

This was a statutory action of debt to recover a tax, for the year 1891, assessed on the defendant's stable and campground, being its land and real estate in Foxcroft outside of and except its houses of religious worship, vestries, tabernacle, pews, seats and furniture within the same, or any parsonage and the land on which it stands, and that occupied by tents and cottages.

The only question reserved in defense was that of exemption from taxation, the defendant claiming that the property sought to be taxed is included in the exempting clauses of the statutes.

*W. E. Parsons* and *C. W. Hayes*, for plaintiffs.

*Henry Hudson* and *J. S. Williams*, for defendant.

Defendant a charitable and benevolent institution. *Jackson* v. *Phillips*, 14 Allen, 556 ; *Maine Baptist Miss. Conv.* v. *Portland*, 65 Maine, 93 ; *Chamberlain* v. *Stearns*, 111 Mass. 268 ; *Saltonstall* v. *Sanders*, 11 Allen, 446 and cases ; *Wesleyan Academy* v. *Wilbraham*, 99 Mass. 599.   Premises are exempt. *Monticello Seminary* v. *People*, 106 Ill. 398, S. C. 46 Am. Rep. 702 ; *Trustees, &c.*, v. *State*, 46 Iowa, 275, S. C. 26 Am. Rep. 138 ; *Straw* v. *Societies*, 67 Maine, 494 ; *Trinity Church* v. *Boston*, 118 Mass. 162.

SITTING :   PETERS, C. J., LIBBEY, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J.   Debt for a tax laid upon the real estate of a campmeeting association situated in Foxcroft, organized "to furnish and maintain a campmeeting with its religious privileges to the people of the Piscataquis Valley and its vicinity, to the glory of God and the saving of souls."

The real estate of the association consisted of ten acres of land, a part of which was used for an auditorium where religious meetings were held, a part for lots let to members for the erection of cottages, a part for a stable and stable yard where horses were stalled for hire, and a part let for an eating house or victualing purposes.   The assessors say that the tax was laid upon that part only used for stabling and victualing purposes, that part used for cottagers lots having been taxed to the

individual occupiers of them.    The tax is of land in gross, and, therefore, if any part of the property assessed be taxable, the plaintiff must have judgment for the tax, inasmuch as over-taxation can only be remedied by abatement proceedings that are ample to give the necessary relief.    It is not a defense to a suit for a tax.    *Rockland* v. *Rockland Water Co.* 82 Maine, 188.

Whether the association be a religious society or a benevolent and charitable institution, it is of no moment to inquire, inasmuch as the tax was laid, in either case, upon property not exempt from taxation.    If the association be a religious society the property taxed is expressly subjected to taxation by R. S., c. 6, § 6, clause IV.    If it be a benevolent and charitable institution, the property used for the stabling of horses for hire, let for victualing purposes and for the use of cottages is clearly not occupied by the association for its own purposes within the meaning of R. S., c. 6, § 6, clause II.    It is property from which revenue is derived — just as much business property as a store or mill would be.

That part used for an auditorium or tabernacle,— used for the accommodation of the association, where its meetings are held, is used for a common purpose — for "its own purposes" within the meaning of the statute and is exempt from taxation.

<div align="right">*Defendant defaulted.*</div>