SAMUEL B. GERRY *vs.* REUBEN G. HERRICK.

87 | 219
104 | 258

Piscataquis.  Opinion January 29, 1895.

*Town Meeting.  Warrant.  Elections.  Taxes.  Distraint.  R. S., c. 6, §§ 102, 149.*

A warrant for a town meeting to be held on March 10, omitting the year, but in other respects regular, and dated February 26, 1890, and duly posted more than seven days before March 10, 1890, is not so defective as to invalidate the doings of the town at a meeting actually held on March 10, 1890.

A person liable to taxation in a town, who neglects to pay his tax, as contained in the assessment regularly committed to the collector by the assessors under a legal warrant, and in consequence of such failure the collector distrains such person's personalty, and sells it in accordance with the law, cannot on replevin of the property so distrained from the purchaser defeat the title of the purchaser by showing irregularities on the part of the assessors before the commitment to the collector.

When the warrant annexed to the commitment to the collector has been torn from the book, its contents may be shown by parol.

The record of a town meeting that the town "voted and chose by ballot" three persons as selectmen, implies an election by major vote.

The title of a purchaser at a sale by the collector, legally conducted, cannot be defeated by any neglect of the collector after the sale.  His return that he sold the property for cash, is conclusive of that fact between the original owner and the purchaser of the property distrained and sold.

ON REPORT.

This was an action of replevin of one cow.  After the testimony had been introduced, the case was reported to the law court to determine all questions of fact and law involved upon so much of the evidence as was legally admissible.

The case appears in the opinion.

*C. W. Brown*, for plaintiff.

*J. B. Peaks and G. W. Howe*, for defendants.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J.  Plaintiff's cow was distrained and sold for taxes, assessed in 1890, in Orneville.  In this action of replevin, he claims that the sale was void, and that the property in the cow still remains in him.  Numerous objections to the legality of the assessment, and the authority of the collector, are made.

It is objected that the annual town meeting in Orneville, on March 10, 1890, was not a legal meeting, because the warrant for it called a meeting for the tenth of March, and omitted the year. The warrant was dated, February 26, 1890, and duly posted by the constable to whom it was directed, on the first day of March, 1890, and the meeting was in fact held on the tenth day of March, 1890, at which the town acted upon the articles in that warrant. The warrant purported to be signed by the selectmen then in office.

The law requires the annual meeting in towns to be held in March, and makes it the duty of the selectmen to issue their warrant therefor. A warrant issued in February, designating a meeting in March, and regularly posted more than seven days before the appointed day for the meeting, must have been understood by the voters of the town as meaning the March following the date of the warrant. In that March the law required a meeting, at which officers for the ensuing municipal year should be chosen. The selectmen signing the warrant were then in office, and might not be in office the next year. It would be absurd to suppose the selectmen intended in February, 1890, to call a meeting for March, 1891. No one could be misled by the omission of the year in this warrant. The fact that the meeting was actually held on the tenth of March, 1890, and all town officers elected, and the other usual town business transacted, in pursuance of the articles in this warrant, conclusively shows that the citizens of the town perfectly understood the warrant to call a meeting on the tenth day of March, 1890.

In the strictness of the law as to indictments, this court has held, that an erroneous date in the caption of an indictment, showing it to have been found in January, 1891, instead of January, 1892, for an offense charged to have been committed in November, 1891, is not fatal. *State* v. *Robinson*, 85 Maine, 147.

No reason is perceived, why an omission of the year in this warrant, under the circumstances of this case, should vitiate all the proceedings of the town at its March meeting. The objection to the warrant cannot be sustained.

It is asserted that the names of the selectmen appearing upon the warrant, were all signed by Charles Hoxie, one of the board, but the evidence fails to support this objection. There was some evidence that the paper introduced as the original warrant bore the signatures of the seclectmen, all in the hand writing of Hoxie; but Mr. Sanborn, one of the selectmen, testified that that paper was not the original warrant, and that he did sign the original warrant; and Mr. Cochran, another selectman, testified that he thinks he signed the original, and that the paper shown was not the original. The town clerk says that he cannot say whether the paper produced was the original warrant or not.

This case being on report, we are to determine the facts as well as the law; and, upon the evidence, we are satisfied that the original warrant was duly signed by the three selectmen.

The annual meeting on March 10, 1890, must be regarded as a legal meeting. The record of that meeting shows that Charles Hoxie, F. W. Canney and V. Fabian, were elected selectmen, by ballot, and by majority vote; and that the town voted that the selectmen be overseers of the poor and assessors of taxes, and that they were sworn as such.

If this vote may not be regarded as fulfilling the requirement of the statute to elect the assessors, and that therefore no assessors were elected, then by R. S., c. 6, § 102, the selectmen became assessors; and as they were sworn as assessors, as shown by the record, their acts as such were legal. *Gould* v. *Monroe,* 61 Maine, 546.

Objections to the assessment of taxes, and the regularity of the certificate to the assessment, are made; but we do not regard them as material to the decision of this case, even if the criticism upon them might be of moment in an action by the town to recover the tax. If the commitment to the collector who made the distress was in due form, by a sufficient warrant issued to him by the assessors, and he proceeded according to law in obedience to the mandate of his warrant, the distraint of plaintiff's property and its sale were legal, and the purchaser acquired a good title to the property, notwithstanding there might have

been irregularities on the part of the assessors, prior to the commitment. *Caldwell* v. *Hawkins*, 40 Maine, 526; *Nowell* v. *Tripp*, 61 Maine, 428; *Norridgewock* v. *Walker*, 71 Maine, 184; *May* v. *Thomas*, 48 Maine, 400.

It appears that at the annual town meeting in March, 1890, John Brown was elected collector of taxes, and to him the taxes for that year were committed, October 10, 1890. No objection is made to his qualification as collector, but it is objected that the evidence fails to show a sufficient warrant of commitment. The tax book shown contains a portion of a warrant, the remaining portion having been torn off and lost. Elmer E. Brown, to whom the tax bills were committed after the death of John Brown, testified that when the book was delivered to him, it contained a complete warrant, signed by the assessors; that a portion of that warrant was afterwards lost. The contents of the lost portion are sufficiently shown by the evidence; and it appears that the commitment to John Brown was in due form, under a legal warrant.

John Brown died before completion of collection of taxes committed to him in 1890; and, on October 12, 1891, the assessors for that year appointed Elmer E. Brown to perfect the collection for 1890, in accordance with R. S., c. 6, § 149, who, it is admitted, duly qualified as such collector. The assessors committed to him the unpaid tax lists for 1890, by a regular warrant, duly signed, and delivered to him the original tax lists and warrant that had been committed to John Brown.

But it is objected that the commitment to Elmer E. Brown was invalid, because the record of the town meeting in March, 1891, does not show that the assessors for that year were elected by a major vote. The record states that the town "voted and chose by ballot," M. W. Morgan, J. H. Cochran and F. W. Canney, as selectmen, and also voted that the selectmen be assessors, and that these gentlemen qualified as assessors. It is common knowledge that the law requires town officers to be elected by a major vote; and, in the absence of evidence to the contrary, the record of "voted and chose" must be deemed to imply an election by major vote. *P. & O. R. R.* v. *Standish*, 65 Maine, 68.

Elmer E. Brown, as such collector, distrained and sold the plaintiff's cow for his unpaid taxes. The warrant of commitment to him justified this action, even if the commitment to John Brown had been defective. His return of the sale shows full compliance with all of the statute requirements; and from it, it appears that the defendant, Herrick, was the purchaser of the cow at that sale.

The return of the collector is conclusive between these parties. *Huntress* v. *Tiney*, 39 Maine, 237. The fact that the return was not actually written out and signed by the collector, nor a written account of the sale furnished the plaintiff for a considerable time thereafter, cannot invalidate the title to the cow acquired by the defendant at the sale. Any neglect of duty by the collector, after the sale, cannot be permitted to affect the title of the purchaser, whatever might be its effect in a suit against the collector. The sale was by virtue of a legal warrant, issued by the proper authorities, and this protects the purchaser. . *Sanfason* v. *Martin*, 55 Maine, 110; *Judkins* v. *Reed*, 48 Maine, 386; *Seekins* v. *Goodale*, 61 Maine, 400.

It is said that the collector charged illegal fees. If so, it cannot affect the purchaser.

It is also claimed that the collector sold the cow upon credit. His return is otherwise, and that cannot be contradicted in this suit, between these parties.

*Judgment for defendant.*