### INHABITANTS OF CHARLESTON vs. STILLMAN LAWRY.

Penobscot.     Opinion February 23, 1897.

*Tax-Suit.   Lists.   Declaration.   R. S., c. 6, § 175.*

Much greater particularity and precision are required in proceedings for the recovery of unpaid taxes wherein a forfeiture is sought to be enforced than in a suit at law for the mere recovery of them.

It is not necessary as a prerequisite to the validity of the tax that the lists committed to the collector should contain an exact description of the real estate taxed, or even the same as contained in the record of assessment.

Where suit is brought in the name of the inhabitants of a town for the collection of unpaid taxes, by the written direction of the selectmen, such averment is necessary to a proper declaration, and its omission would constitute a fatal defect to the declaration if advantage were taken by demurrer.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*Ira W. Davis*, for plaintiff.

*C. H. Bartlett, H. P. Haynes, L. B. Waldron, and P. H. Gillin*, for defendant.

SITTING: PETERS, C. J., FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J.   This is an action brought in the name of the inhabitants of a town to recover a tax, amounting in the whole to $3.78, assessed against the defendant for the year 1895, under § 175, c. 6, R. S.

It comes before this court on exceptions to the ruling of the justice presiding in directing a verdict for the plaintiff upon the evidence introduced, the defense offering no evidence at the trial.

The defense relied upon is that the plaintiff failed to make out a case, and that there was no evidence to show that the defendant was an inhabitant of the plaintiff town at the required time; no title or proper description to the real estate taxed; no legal commitment to the collector inasmuch as there was no description of

the real estate in his said commitment corresponding with that contained in the record of the lists of assessment; and finally that there was no proper authority to bring the suit in the name of the inhabitants of the town.

We think these objections are untenable, and that the ruling of the justice presiding was correct.

This is not a proceeding wherein a forfeiture is sought to be enforced, but a suit at law for the recovery of unpaid taxes. Much greater particularity and precision are required in the former than in the latter; and it has been held that the stringent rules which have been applied in testing the validity of arrests, and sales of property for unpaid taxes, are not applicable where the remedy sought is by an ordinary suit at law to collect unpaid taxes. *Cressey* v. *Parks*, 76 Maine, 532; *Rockland* v. *Ulmer*, 84 Maine, 503; *Rockland* v. *Ulmer*, 87 Maine, 357. As was said in *Cressey* v. *Parks*, where the distinction is properly made between collecting taxes by suit and proceedings to enforce a forfeiture: " To prevent forfeitures strict constructions are not unreasonable. But, where forfeitures are not involved, proceedings for the collection of taxes should be construed practically and liberally."

From an examination of the case we are satisfied that there was evidence establishing the residence of the defendant in the plaintiff town at the time when the tax was assessed, and moreover that the title and description of the real estate was sufficient to sustain a proceeding of this nature. Nor is it necessary as a prerequisite to the validity of the tax, that the lists committed to the collector should contain an exact description of the real estate taxed, or even the same description as contained in the record of assessment. If the collector made no objection, it is difficult to see on what ground the defendant can base his complaint. *Torrey* v. *Millbury*, 21 Pick. 64, 67. Omissions of this kind certainly do not prejudice the tax payer. If he has any doubt in reference to the property for which he is taxed, he can readily ascertain that fact from the proper record. " If it appear that the citizen was liable to taxation, and that the assessors had proper authority and jurisdiction which they did not exceed, minor irregularities in mere

procedure, which do not increase his share of the public burden, nor occasion him any other loss, should not prevent a recovery." *Rockland* v. *Ulmer*, 84 Maine, 503, 508.

The last objection which is raised by the defense, that there was no proper authority for bringing the suit in the name of the inhabitants of the town, cannot be sustained.

True, the statute requires that the selectmen should in writing, direct an action of debt to be commenced in the name of the inhabitants of the town, when this mode is resorted to for the collection of unpaid taxes. Such an averment is necessary to a proper declaration, and the omission of such averment would constitute a fatal defect in the declaration if advantage were taken by demurrer. *Wellington* v. *Small*, ante, p. 154. In the case at bar there was no such proper averment. No demurrer, however, was interposed. The written direction signed by the selectmen was introduced in evidence without objection. The only attack made under this branch of defense is, that the writing is insufficient in form to authorize the commencement of the suit. But we think it is a sufficient compliance with the statute. It authorizes the collector "to bring an action of debt in favor of the inhabitants of said town" against the defendant for the taxes assessed upon his property for that year. While the direction may not be in the exact language of the statute, it may properly be held to meet the spirit of it, thereby authorizing suit to be commenced in the name of the inhabitants of the town.

*Exceptions overruled.*