INHABITANTS OF DOVER *vs.* MAINE WATER COMPANY.

Piscataquis.    Opinion April 10, 1897.

*Taxes.  Water Company.  Costs.  Stat. 1885, c. 350.*

The aqueducts, pipes and conduits of water companies are subject to municipal taxation unless the town takes water therefrom for the extinguishment of fires without charge.

They are real estate, and not personal property, and are liable to taxation in the town where they are laid.

The omission to tax the town poor-farm, the hall where town meetings are held, a small parcel of land on which an engine house stands, and the land on which the county court house stands, does not vitiate and make invalid an entire assessment of taxes.

The municipal officers may direct in writing an action of debt to be brought for the recovery of taxes; and the defendant is liable in costs when payment of the tax has been duly demanded.

*Held;* that the demand is sufficient when made by the collector of taxes upon the company's agent or superintendent who has charge of the water works in the town, and the agent of the town, duly authorized to commence the action, first demanded in writing payment of the tax of the president and directors of the company.

*Paris* v. *Norway Water Co.*, 85 Maine, 330, affirmed.

ON REPORT.

This was an action of debt under the statute to recover a tax.

The defendant company owns by purchase from the Dover and Foxcroft Water Company, its predecessor in title, a plant in the villages of Dover and Foxcroft.  At the time of the purchase the first named corporation had a contract with the Dover and Foxcroft Village Fire Corporation under which the latter paid the former for hydrant rentals fifteen hundred dollars per annum, and in addition thereto, all taxes assessed upon the property of the water company by the towns of Dover, Foxcroft and Sangerville. Prior to 1892 the valuation of the plant in Dover, where the reservoir is, was fixed at five hundred dollars; and the same valuation was placed in Foxcroft where the pumping station is located.

In 1892 the valuation was raised to ten thousand dollars in each town. When this tax was assessed, the Dover and Foxcroft Water Company objected to paying it, and after this action was brought the defendant corporation served notices upon the village fire corporation requiring it to either pay the tax or assume the defense of the action; but the village fire corporation did neither.

The grounds of defense to the action are stated in the opinion.

*H. Hudson,* for plaintiff.

*J. B. Peaks,* for defendant.

SITTING: WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WALTON, J. This is an action against a water company to recover a town tax. Payment of the tax is resisted on several grounds.

I. Exemption. The aqueducts, pipes and conduits of water companies are exempt from taxation when the town takes water therefrom for the extinguishment of fires without charge. R. S., c. 6, § 6, cl. 10. The defendants claim exemption under this provision of the statute. The claim can not be sustained. The evidence fails to show that water is so taken by the town. The water company furnishes water to a village corporation for such a purpose. But not without charge. It is paid for all the water so furnished.

II. Illegality. It appears that the assessors omitted to tax the town poor-farm and a small parcel of land on which an engine house stands. They also omitted to tax the land on which the county court house stands and the hall in which the town meetings are held. And the court is asked to determine if these omissions did not render the entire assessment illegal and void. We think not. If such omissions should be held to vitiate and render invalid the entire assessment, we doubt if there is one in the state that could be sustained. The consequences of such a doctrine are enough to condemn it. No case is cited in support of such a doc-

trine.  The contrary has been held.  *Williams* v. *School District in Lunenburg*, 21 Pick. 75; *Watson* v. *Princeton*, 4 Met. 599.

III.  Non-residence.  It is claimed that the defendant corporation is not an inhabitant of the town of Dover; that its principal place of business is in Gardiner; and, consequently, that its personal property is not taxable in Dover; and it is insisted that its reservoirs, pipes and hydrants should be regarded as personal property. It is conceded that the court held otherwise in *Paris* v. *Norway Water Company*, 85 Maine, 330.  But it is claimed that that decision is of doubtful authority, and should be disregarded.  It was there held that the pipes, hydrants and conduits of a water company are, under the tax laws of this state, real estate, and taxable in the town or city where they are situated.  That case was ably argued and carefully considered, and we think the question must be regarded as res judicata.

It is possible that some articles of personal property were included in the tax sued for; but of this there is no proof.  Nothing appearing to the contrary, it is to be presumed that the assessors did not exceed their authority, and that they included no property in their assessment except what was legally taxable.

IV.  Costs.  It is claimed that, in any event, the plaintiffs can not recover costs.  Act 1885, c. 350.  This statute provides that the defendant shall not be liable for costs unless the tax sued for was first duly demanded.  It is insisted that such a demand is not proved.  We think the proof is sufficient.  It appears that the collector of taxes demanded payment of the tax of the company's agent or superintendent who had charge of its works in Dover, and that the agent of the town, who was duly authorized to commence the action, first demanded payment of the tax of the president and directors of the company in writing.  We think the proof sufficient to entitle the plaintiffs to costs.

The case is before the law court on report.  Upon the proofs presented, it is the opinion of the court that the plaintiffs are entitled to judgment for the amount of the taxes sued for and costs.

*Judgment for plaintiffs.*