No. 4040.

(Court of Appeal, Parish of Orleans.)

# SOUTHERN INSURANCE COMPANY vs. W. J. HUME & CO. ET ALS.

1. A conditional acceptance of an assignment of a credit becomes absolute and binding on the happening of the condition.
2. No particular or specific instrument of writing is required in the transfer or assignment of credits. It may be, and usually is, done by the giving of a simple order to pay a third person; and the acceptance of the transfer by the creditor is equally binding on him whether verbal or in writing.
3. No amendment of a judgment may be made in favor of the appellee who has not answered the appeal and prayed for such amendment.

Appeal from Civil District Court, Division B.

Denegre, Blair & Denegre, Victor Leovy, for plaintiff and appellant.

Solomon Wolff, for defendant and appellee.

MOORE, J. The allegations of the petition in this cause are, substantially. that the commercial firm of William J. Hume & Co being indebted to the plaintiff company in the sum of $394.01-100 did, on the 28th day of September, 1900, give to plaintiff an order on the Lawler, Fornaris Co., Ltd., which, for convenience, will be hereinafter referred to as the Lawler Company, for the payment of said sum out of the first moneys belonging to Hume & Co. which might come into the hands of the Lawler Company; that the said order was duly presented to the latter company and was by it orally accepted and payment promised as soon as it shall have in its hands a sum sufficient to cover same to the credit of Hume & Co.; that at the date when said order was given Hume & Co. was in credit with the Lawler Company on the latter's books for a sum in excess of the amount of said order and that consequently as said order and its said acceptance constituted an assignment of said indebtedness to petitioner up to the amount of said order the Lawler Company thereby became liable

for said amount to petitioner, and they prayed for judgment accordingly.

Prior to answering the Lawler Company moved the Court to consolidate and cumulate the cause with a suit alleged ;to be then pending in another division of the Civil District Court and entitled Muller, Bassich & Clement vs. W. J. Hume & Co., assigning as reasons therefor that the plaintiff in that suit had obtained a judgment against Hume & Co. and had in execution thereof issued garnishment process addressed to movers; that movers had answered same acknowledging themselves indebted unto said firm of W. J. Hume & Co. in the sum of two hundred and fifty-four 22-000 dollars and further that they hold for account of said firm some 18 bales pickings subject to certain charges; that the fund and property held by movers is the same fund and the same property which both the Southern Insurance Company and Muller, Bassich & Clement claim, the latter under their garnishment process and the former under the agreement alleged in its petition and that the interest of all litigants and of your movers demand that all claims to said fund and property be heard contradictorily. Upon hearing the motion was denied, whereupon the Lawler Company filed its answer tendering the general issue. The answer, however, proceeded to repeat the averments of its prior motion, not as a defense to plaintiff's action, but as reasons why the Court should order Muller, Bassich & Clements to be made parties to the instant cause which order it prayed the Court to make and that there be judgment against "all parties to this cause."

The court made order as prayed for and Muller, Bassich & Clements were duly made parties, but subsequently and on their exception, the order was set aside and recalled.

Subsequently the cause was tried on its merits and there was judgment in favor of the Lawler Company rejecting plaintiff's demand and the latter appeals.

It is not disputed that Hume & Co. were indebted to plaintiff in the sum alleged to have been owing them and for which amount it is claimed the order was given on the Lawler Company. And it is, as we appreciate the evidence, fully established that an order in writing was given by Hume & Co. to plaintiff's on the Lawler Company for the sum claimed and that the latter company verbally accepted the order. The order it appears has been lost and its loss duly advertised, but

its existence and presentation to the Lawler Company and acceptance by the latter is clearly established. The order was obtained by the plaintiff company from Hume & Co. on a suggestion by the Lawler Company that it had some lintens on consignment for Hume & Co. and that when they were sold and the proceeds received, it would, after deducting what was due to it, be perfectly willing to turn over to the plaintiff company the amount due by Hume & Co. to the plaintiff. Thereupon the order was obtained and duly presented to the Lawler Company. The president of the latter company when the order was presented said : "That will be all right, it will be paid. I will pay it as soon as the account will be straightened out."

There is no dispute that an amount is in the hands of the Lawler Company, belonging to Hume & Co , sufficient to meet the order, and it may not be doubted that from the moment this amount came into the hands of the Lawler Company for account of Hume & Co., a binding obligation was imposed on the Lawler Company to pay the order in accordance with their prior acceptance thereof. From that moment the Lawler Company became the debtors of the plaintiff and personally liable for the amount under its conditional acceptance of the assignment. As held in Gray vs. Trafton 12 M. 707-8, a conditional acceptance of an assignment of a credit becomes absolute and binding on the happening of the condition.

Nor is any particular or specific instrument of writing required in the transfer or assignment of credits. It may be, and usually is, done by the giving of a simple order to pay a third person; and the acceptance of the transfer by the creditor is equally binding on him whether verbal or in writing. Ibid. Suc. Delassigne 8 R. 259; Long vs. Kline 35 A. 384; Stockmeyer vs. Oertling 38 A. 101; Bonner vs. Beard 43 A. 1039.

The appellee asks us in oral argument and in brief, that in the event that we should conclude that the judgment appealed from cannot be sustained, that we do not reverse it in appellant's favor but that we reverse or amend it in appellee's favor by maintaining the motion to cumulate and consolidate, which motion, as stated supra, the lower court had denied. Pretermitting the fact that the note is barren of any note of evidence showing what, if any, evidence had been adminis-

tered by either side *at the time and on the hearing of the motion* and that hence it cannot be said that the averments of fact contained in the motion were or were not sustained, we cannot in this or in any particular amend the judgment in appellee's favor, *forasmuch as no answer praying for any amendment in this or in any other particular was filed by appellee.*

Art. 888 C. P. provides that "if the appellee has cause to complain of the judgment appealed from, he may, without appeal on his part, state in his answer, the points on which he has sustained wrong, and may pray that the judgment be reversed with respect to them."

Art. 889 C. P. "But if the appellee, on the appeal of the .other party, neglect to pray that the judgment be reversed on those points which are prejudicial to him, he shall not after-.wards be allowed to appeal, but the judgment shall be irrevocable against him "

In Talle et al vs. De Monasterio et al 48 A. 1232-1234, the Court in discussing the rights of the appellee in a cause in which no answer to the appeal had been filed, said:

"The appeal submits to this Court the errors in the judgment *which the appellant conceives operates to his prejudice.*

"If the other party to the suit complains of the judgment, to obtain relief he must appeal, or answering the appeal of his adversary, claim an amendment. *It results that this court on the appeal cannot disturb the judgment except to the extent asked at our hands by the appellants, unless there is an answer from the appellee demanding an amendment of the judgment.* In other words, *the judgment of the lower court becomes final as to the party who takes no appeal and asks no amendment in the mode* pointed out by the Code of Practice. In this case there being no appeal by the defendants and no answer by them to the appeal, the judgment of the lower court, in favor ·of plaintiff for the property, *could not be called in question on this appeal of the plaintiffs or disturbed by us.* Code of Practice 888, 889, 890, Suc. of Hillsburg 1 A. 340; Suc. Decoux 5 A. 10; Wontain vs. Schenck 10 A. 197."

In Gathe vs. Broussard 49 A. 312-317, the Court said: Broussard and Martin.are before this Court simply as appellees in the matter of the appeal taken by Hiriart & Baker. They have filed no answer and asked no change in the judgment

against them in favor of the appellants. The only issue therefore before the Court is whether the judgment of the District Court rejecting Hiriart and Baker's demand for damages against Broussard and Martin be correct or not. Talle vs. Monasterio 48 A. 1233."

In City vs. Jockey Club 115 La. 911-918 the defendant and appellee had filed several exceptions to plaintiff's petition. Two of them were overruled below but one of them was sustained and the suit dismissed. Plaintiff appealed. Appellee had filed no answer to the appeal. In argument it was suggested by appellee that if the Court should conclude that the judgment sustaining the one exception was error, then it should consider the other two which had not been sustained. The Court found the judgment error but refused to consider the other two exceptions because no answer praying for an amendment in this particular had been filed. Said the Court: "We cannot reverse the ruling without amending the judgment, and we can no more amend the judgment, in that respect, at the instance of the appellees, who have not, by answer, prayed for the amendment, than we could reverse that part of the judgment which dismissed the suit, if the defendant had appealed and the plaintiff had not answered and prayed for such amendment."

The judgment appealed from must be reversed and judgment rendered in plaintiff's favor as prayed for.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be and the same is hereby set aside, reversed and annulled, and it is further ordered, adjudged and decreed that the Southern Insurance Company do have judgment against the Lawler-Fornaris & Co., Limited in the full sum of three hundred and ninety-four 01-100 dollars with legal interest thereon from judicial demand till paid; the costs of appeal as well as those of the lower court to be paid by the Lawler-Fornaris Co., Ltd.

November 19, 1906.

Rehearing refused December 17, 1906.

Notice to apply for writ December 17, 1906.