INHABITANTS OF BUCKSPORT *vs.* ALBERT C. SWAZEY.

Hancock.      Opinion, March 15, 1933.

*Fellows & Fellows*, for plaintiff.
*Fred L. Mason*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J.   This action of debt for taxes is reported to this Court for final determination. The case stated includes facts agreed upon and a transcript of testimony. Judgment is to be rendered on so much of the evidence as is legally admissible.

The defendant is sued for a tax amounting to $432.58 assessed in the plaintiff town in 1931 upon his real estate, and also for a tax of $27.40 for that year assessed upon land which his father, John M. Swazey, then deceased, had formerly owned. He attacks the sufficiency of the assessments and attempts to avoid payment of the taxes by showing an undervaluation of other taxable property in the town.

The defendant's real estate was listed for assessment in the records by parcels, each being described generally as to character and location with specification of buildings, if any, and such designating names as had attached. In numerous instances the acreage of the land was stated. The appraisal value of each lot was recorded, but the tax was assessed on the aggregate valuation. The assessment against the estate of John M. Swazey was upon one parcel of real estate also listed by general description.

This is not a case where the defendant's person or property is levied upon by direct warrant or where a forfeiture may ensue, but is a proceeding for the collection of taxes by suit. In this form of action it is not necessary that the assessment contain a particular description of the property to be taxed nor that separate valuations be made in case there are several parcels. *Rockland* v. *Farnsworth*, 111 Me., 315, 319, 89 A., 65; *Foxcroft* v. *Camp-meeting Association*, 86 Me., 78, 29 A., 951; *Rockland* v. *Ulmer*, 84 Me., 503, 24 A., 949; *Cressey* v. *Parks*, 76 Me., 534.

The evidence in support of the defense that, as a result of undervaluation of other taxable properties, the defendant was overrated, was not legally admissible. If such were the fact, the remedy lies in another proceeding. The defense is not open in this action.

*Greenville* v. *Blair*, 104 Me., 444, 446, 72 A., 177 ; *Dover* v. *Water Co.*, 90 Me., 180, 38 A., 101.

The defendant is liable for the tax assessed upon his own real estate under the general provisions of law relating to taxes. It not appearing that the assessors of Bucksport have received notice of the division of the real estate of John M. Swazey, deceased, or the names of his several heirs or devisees, the defendant, as an heir of his father's estate, is liable for the whole tax assessed against it. R. S., Chap. 13, Sec. 23.

The record does not show that the Town voted to fix the date when taxes for 1931 should be payable or that interest should be collected thereafter. R. S., Chap. 14, Sec. 1. No interest is allowed. *Athens* v. *Whittier*, 122 Me., 86, 90, 118 A., 897 ; *Snow* v. *Weeks*, 77 Me., 429, 1 A., 243. Judgment for the taxes assessed must be entered. Demand before suit being admitted, costs are allowed.

> *Judgment for the plaintiff*
> *in the sum of $459.98 and*
> *for its costs.*