INHABITANTS OF THE TOWN OF CUSHING

*vs.*

McKAY RADIO & TELEGRAPH CO.

Knox.　　Opinion, January 18, 1934.

*Rodney I. Thompson,* for plaintiff.
*Alan L. Bird,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, J.　After the evidence on both sides of this case had been closed, it was reserved by the Justice presiding in the Su-

perior Court, for decision by this Court, on a report of the legally admissible evidence.

The action is by the town of Cushing, under R. S., Chap. 14, Sec. 64, to recover $510.50, the unpaid balance of taxes assessed for the year 1931, against the defendant corporation.

The defendant makes some objections to the sufficiency of the records of town meetings, at which assessors, and other public officers, were chosen, and claims that these should wholly preclude the plaintiff.

The town clerk's records are somewhat informal, but, aided in certain respects by oral testimony, are deemed sufficient—recovery of judgment adverse to a delinquent taxpayer being alone asked—to establish that the assessors who made the assessment had proper authority. The transcript of the evidence discloses, additionally, that defendant was liable to taxation in Cushing; that, in assessing the tax, the assessors did not exceed jurisdiction; and that any irregularities in procedure thence on, inclusive of the authorization of the commencement of this action, were merely minor ones, not going to the merits of the controversy. Where forfeitures are not involved, proceedings for the collection of taxes should be construed practically and liberally. *Cressey* v. *Parks*, 76 Me., 532, 534; *Rockland* v. *Ulmer*, 84 Me., 503, 24 A., 949. See, also, in answer to points made by the defense, *Bucksport* v. *Spofford*, 12 Me., 487, 490; *Hathaway* v. *Addison*, 48 Me., 440, 444; *Gerry* v. *Herrick*, 87 Me., 219, 32 A., 882; *Charleston* v. *Lawry*, 89 Me., 582, 36 A., 1103; *Wellington* v. *Corinna*, 104 Me., 252, 258, 71 A., 889, 892; *Greenville* v. *Blair*, 104 Me., 444, 72 A., 177.

Plaintiff establishes its case, in regard to the taxes.

The case of *Jordan* v. *Hopkins*, 85 Me., 159, 27 A., 91, where but two assessors were legally chosen and sworn, the third person participating in the assessment having been chosen and sworn as a selectman only, is in no wise to the contrary; nor is that of *Machiasport* v. *Small*, 77 Me., 109, an action upon a tax collector's bond conditioned to be void upon the faithful performance of official duty.

The record does not show that the town voted to fix the date when taxes should be payable, or that interest should be collected thereafter. R. S., Chap. 14, Sec. 1. In this situation, no interest is

allowed. *Snow* v. *Weeks*, 77 Me., 429, 1 A., 243 ; *Athens* v. *Whittier*, 122 Me., 86, 118 A., 897 ; *Bucksport* v. *Swazey*, 132 Me., 36, 165 A., 164. The allegation that prior to suit there had been refusal of demand by the collector for payment of taxes, is supported by proof. The mandate will be :

> *Judgment for plaintiff for $510.50, and taxable costs.*