ISABELLA A. LADD *vs.* MELVINA DICKEY.

Waldo.   Opinion January 14, 1892.

*Deed. Tax-title. Evidence. Notice. Sale. Description. Collector's proceedings.*
*R. S., c. 6, § § 193–198.*

Recitals of the collector in a tax deed are not evidence of the facts recited.

A collector's recital that nine months had elapsed before he gave notice of a sale, is not sufficient. He should state the time when he gave the notice. Nor is his recital, that he gave notice at least six weeks before the time of sale, sufficient. He should state when he gave the notice.

It is not sufficient for him to recite in his deed that he posted up notices of his sale where warrants for town meetings are required to be posted. He should state where he posted them up.

The collector's deed should state the person, to whom as the owner or occupant, notice of the time and place of sale, and the amount of the tax due, was given. A recital that the notice was given to a person who was owner or occupant, is not sufficient evidence of the fact.

A recital in a collector's deed that he sold the premises named to the purchaser, as a whole, he being the highest bidder therefor, is not sufficient. It should appear that he exposed for sale and sought offers for a fractional

part of the premises sufficient to pay the tax and legal charges, and that he could obtain no bid therefor.

A recital that it was necessary to sell the whole amount so assessed and advertised, no person offering to pay the tax, &c., for a smaller fractional part of said real estate, is not sufficient. It must appear that he tried to obtain an offer for the payment of the tax, &c., for a fractional part of the premises, without success.

Of erroneous descriptions and time of sale.

ON REPORT.

This was an action of forcible entry and detainer brought in the Police Court, of the city of Belfast, and removed to this court on brief statement of title under R. S., c. 94, § 6. The only question presented for decision was that of title. The plaintiff's title rested upon the validity of two tax deeds.

The property in controversy, was sold by the collector of taxes of 1880 and 1883, and purchased at the tax sales by the town of Stockton, from whom the plaintiff derived title.

The deed under the second sale is as follows :

" Collector's Tax Deed. State of Maine. To all people to whom these presents shall come, I, F. R. Daggett, collector of taxes for the town of Stockton in the county of Waldo and State of Maine, for the year one thousand eight hundred and eighty-three, legally chosen and sworn, send greeting :

"Whereas, the assessors of the town of Stockton for the year aforesaid, legally chosen and sworn, have, agreeably to law, assessed the real estate hereinafter described in the sum of fourteen dollars and three cents, taxed to Melvina Dickey as resident proprietor of said real estate in said Stockton, which in their list of assessment they have committed to me, collector of said town, to collect, and whereas no person has appeared to discharge said tax, although I have advertised the same by posting notices of the non-payment of said tax after it had remained unpaid for the term of nine months from the date of said assessment, and of my intention to sell so much of said real estate as would be necessary to discharge said tax and all intervening charges, at three public places in said town where warrants for town meetings are required to be posted, six weeks before the day of sale ; and have lodged with the town clerk a

copy of such notice with my certificate thereon, that I have given notice of the intended sale as required by law; and at least ten days before the sale I delivered to the owner or occupant thereof, a written notice signed by me, stating the time and place of sale and the amount of taxes due.

"Therefore, know ye, That, I, F. R. Daggett, collector of taxes, as aforesaid, in consideration of the sum of fifteen dollars and fifty-three cents, to me paid by the inhabitants of Stockton in the county of Waldo and State of Maine, have granted, bargained and sold, and do hereby grant, bargain, sell and convey to the said inhabitants of Stockton their heirs and assigns forever, the following described real estate situated in said town of Stockton, viz. :— The Melvina Dickey homestead on east side of turnpike road in Lot No. 9, eighty acres of land with buildings thereon, valued at seven hundred and fifty dollars;

"The same having been struck off to the said inhabitants of Stockton, they being the highest bidder therefor, and it being necessary to sell said amount of real estate so assessed and advertised, no person offering to pay the taxes and legal charges for a smaller fractional part of said real estate, at a public auction, legally notified and holden at the selectmen's office in said town of Stockton on the ninth day of June, 1885.

"To have and to hold the same to the said inhabitants of Stockton their heirs and assigns, to their only proper use and behoof forever, subject however to the right of redemption which the owner thereof or any other person may have at any time within the time specified by law.

"And I do covenant with the said inhabitants of Stockton their heirs and assigns, that I gave notice of the intended sale of real estate according to law, that said sale was within two years after the warrant for the collection of said taxes was delivered to me, and that in all respects in the premises I have observed the directions of law, whereby I have good right and full power to sell and convey the premises to the said inhabitants of Stockton to hold as aforesaid.

"In witness whereof, I have hereunto set my hand and seal, in my capacity as collector aforesaid, this thirteenth day of

June, Anno Domini one thousand eight hundred and eighty-five.

F. R. Daggett, Collector.    (Seal)

"Signed, sealed and delivered in the presence of Alex'r Black.

"State of Maine, Waldo, ss.    June 13, 1885.    Then personally appeared the above named F. R. Daggett, Collector, and acknowledged the above instrument to be his free act and deed, before me,                    Alex'r Black, Justice of the Peace."

Other facts are stated sufficiently in the opinion.

*Thompson and Dunton,* for plaintiff.

The proceedings up to the time of the sale being regular and legal, the introduction of the collector's deed duly executed and recorded, and the deed from the purchaser at the tax sale to the plaintiff make a *prima facie* case for the plaintiff; and the defendant not having deposited the amount of taxes, interest and costs accruing under the sale, the evidence introduced by her was not admissible, and should not be considered; and at this stage of the case the plaintiff is entitled to judgment. R. S., chap. 6, § 205.

The homestead of Isaac George in 1880 and the homestead of Melvina Dickey in 1883, on the east side of the turnpike road, was a well known farm in Stockton. Its boundaries were indicated by fences. A person having the knowledge necessary to apply the description to the face of the earth could identify the premises with certainty and precision. He could make no mistake. In *Greene* v. *Lunt,* 58 Maine, 518, the court after holding certain descriptions to be sufficient, give the reason for so holding, in these words: "These lots are sufficiently described to enable any one to identify them by having the knowledge necessary to apply the description to the face of the earth."

The description in this case answers all the requirements of this rule, although there may be an error in the number of the lot. *Abbott* v. *Pike,* 33 Maine, 204.

*W. T. C. Runnells,* for defendant,

LIBBEY, J.   The plaintiff's title depends upon the validity of two tax sales, one in December, 1881, on the tax assessed to

Isaac George, the other made in June, 1885, on the tax assessed to the defendant. The sales were made to the inhabitants of the town of Stockton, and the plaintiff claims under a deed from that town. The burden of proof is upon the plaintiff to show that in making these sales, or at least one of them, all the requirements of law were complied with by the collector. We think she has failed to do so.

The deeds from the collector relied on are not sufficient to make out a *prima facie* case of title. They do not show that the law was complied with. The recitals in a collector's deed are not evidence of the facts recited. *Libby* v. *Mayberry*, 80 Maine, 137.

It does not appear that nine months had elapsed before the collector gave notice of sale. His recital that nine months had elapsed is not sufficient. He should state the time when he gave notice. Nor is his recital that he gave the notice at least six weeks before the time of sale, sufficient. He should state when he gave the notice. Nor is it sufficient for him to recite in his deed that he posted up the notices where warrants for town meetings are required to be posted. He should state where he posted them up. Nor does it appear to whom he gave the ten days written notice of the time and place of sale and the amount of tax due, as the owner or occupant of the premises. His recital that he gave it at least ten days before the sale, to a person who was the owner or occupant, is not sufficient evidence of the fact.

But the more substantial objection to the sale is, we think, that he recites in his deed that he sold the premises named to the inhabitants of the town of Stockton as a whole, they being the highest bidders therefor. It should appear that he exposed for sale and sought offers for a fractional part of said premises sufficient to pay the tax and legal charges, and that he could obtain no bid therefor. It is not sufficient for him to say that it was necessary to sell the whole amount so assessed and advertised, no person offering to pay the tax and legal charges for a smaller fractional part of said real estate. It must appear that he tried to obtain an offer for the payment of the tax and legal charges for a fractional part of the premises without success.

Again, when we look into his return of his doings in making the sale of 1885, to the town clerk, as required by the statute which is made legal evidence of the facts stated therein, we find that the only description given of the land sold is, "Quantity of land sold; acres, eighty." And the return which he made to the treasurer of the town, required by statute, contained the same description of land only, "No. of acres, eighty." And the same fact exists in both his return to the town clerk and to the town treasurer of his proceedings in the sale of 1881. The only description of the land sold is, "Quantity of land; acres, one hundred and twenty." And these are the only descriptions of the lands taxed in the warrants from the assessors committing the taxes to him for collection.

Then, again, the recital in the deeds of the time of sale does not show that the sale took place at the time named in the notice. The notice of sale in 1881, specified the time of sale, the third day of December, at two o'clock in the afternoon. The notice of the sale in 1885, was the ninth day of June, at one o'clock in the afternoon. The recital in the deeds is, that one sale was made on the third day of December and the other was made on the ninth day of June. The hour of the day when the sale was made does not appear by the recitals in the deeds.

There are other defects in the proceedings, but we deem it unnecessary to specify any further.

*Judgment for the defendant.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.