INHABITANTS OF TOPSHAM

*vs.*

MARGARET P. PURINTON.

Sagadahoc.    Opinion October 31, 1900.

*Taxes. Assessment. R. S., c. 3, § 10; c. 6, §§ 35, 97, 100, 142.*

A supplement to the invoice and valuation and list of assessments for taxation purposes, under R. S., c. 6, § 35, before such supplemental assessments are committed to the collector, must be accompanied with a certificate under the hands of the assessors, stating that they were omitted by mistake.

*Held;* that the list of supplemental assessments, in this case, is not shown by the record evidence to be duly authenticated by the signatures of the assessors.

The healing provisions of R. S., c. 3, § 10, and c. 6, § 142, relating to errors and omissions, are not applicable until a tax-list is first shown to be in existence, under the hands of the assessors.

The court considers that the practice of interpolating in the record of original assessments an unsigned list of supplemental taxes without a certificate that they were "omitted by mistake" from the first assessment, as was done in this case, would induce an unwarrantable laxity in the performance of official duties which would result too often in oral controversies, uncertainty and doubt in regard to the regularity and validity of the assessment.

An original assessment was duly signed by the assessors, but a supplemental list was written into the original record upon a blank page between the last item of the original assessment and the concluding certificate and signatures of the assessors under the following caption, viz: "Resident supplemental. Committed Nov. 13, 1897." This supplemental list against the defendant was not accompanied by any certificate that it was omitted from the original list by mistake, nor was it authenticated by the signatures of the assessors, apart from the fact of its insertion in the original record. A warrant committing supplemental assessments was signed by the assessors who described themselves as selectmen and contains a recital that they were omitted by mistake.

*Held;* that the record evidence does not show that the list of supplemental assessments in this case are duly and sufficiently authenticated by the signatures of the assessors; nor is there requisite proof of the existence of a supplementary list of taxes signed by the assessors, as the law requires, supplied by the warrant to the collector issued afterward for the collection of certain sums set against the names therein written.

ON REPORT.  FACTS AGREED.

Action of debt to recover a tax.

The case is stated in the opinion.

*Weston Thompson,* for plaintiff.

*H. M. Heath and C. L. Andrews, C. D. Newell,* with them, for defendant.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WHITEHOUSE, J.  This is an action of debt to recover a supplemental tax assessed against the defendant November 13, 1897, on "money at interest in excess of debts, $25,000."

It is not in controversy that on the first day of April, 1897, the defendant was an inhabitant of Topsham liable to taxation in that

town, and that she was legally taxed in the original assessment of that year. But she disputes the right of the plaintiffs to recover the amount of the supplemental tax assessed against her on the ground that the assessment of that tax was not legally made, and for two principal reasons: first, because the supplementary list of taxes of November 13 was incorporated in the original assessment made and committed to the officer June 19, over the signatures of the asssssors appended to that assessment, and was not otherwise signed by them; and second, because the assessors failed to certify in the latter assessment that the supplementary taxes "were omitted by mistake from the original assessment."

Section 97 of ch. 6, R. S., relating to the assessment of taxes requires assessors to "make perfect lists thereof under their hands" and section 100 of the same chapter declares that "they shall make a record of their assessment and of the invoice and valuation from which it was made; and before the taxes are committed to the officer for collection, they shall deposit it, or a copy of it, in the assessors' office, if any, otherwise with the town clerk, there to remain."

Section 35 of the same chapter further provides that "they may, during their term of office, by a supplement to the invoice and valuation, and the list of assessments, assess such polls and estates their proportion of such tax according to the principles on which the assessment was made, certifying that they were omitted by mistake. Such supplemental assessments shall be committed to the collector with a certificate under the hands of the assessors, stating that they were omitted by mistake."

It appears from an examination of the record in this case that the original assessment was duly signed by the assessors, but that the supplemental list was written into the original record upon a blank page between the last item of the original assessment and the concluding certificate and signatures of the assessors under the following caption, viz: "Resident supplemental. Committed Nov. 13, 1897." The assessment against the defendant is as follows: "Purington, Margaret P. Money at interest in excess of debts $25.000," and states the amount of her supplemental tax to be

$425; but this supplemental list is not accompanied by any certificate that it was omitted from the original list by mistake, and apart from the fact of its insertion in the original record, was not authenticated by the signatures of the assessors. But the warrant committing these supplemental assessments to the collector Nov. 18, 1897, is signed by the assessors, though described as "selectmen of Topsham" and contains a recital that they were "omitted by mistake."

It is contended by the learned counsel, for the plaintiff, that the assessors had a right to adopt their signatures on the original record of June 19 to support the later assessment of November 13, and that there was a sufficient authentication of the supplemental assessment both by the signatures on the original record and those on the above named warrant to the collector of November 18 for the collection of the alleged supplemental tax.

It was properly observed in *Cressey* v. *Parks,* 76 Maine, 534, that "when forfeitures are not involved, proceedings for the collection of taxes should be construed practically and liberally;" but it is the opinion of the court that the list of supplemental assessments in this case is not shown by the record evidence to have been duly and sufficiently authenticated by the signatures of the assessors. To countenance the practice of interpolating in the record of original assessments an unsigned list of supplemental taxes without a certificate that they were "omitted by mistake" from the first assessment, as was done in this case, would induce an unwarrantable laxity in the methods of performing official duties, which would too often result in oral controversies, uncertainty and doubt in regard to the regularity and validity of the assessment. Whether or not such an interpolation of a supplemental tax was made by a single member of the board in the absence and without the participation of his associates, or was done in their presence and with their express approbation, would often become a disputed question of fact. Such a controversy, indeed, is shown to have arisen in the case at bar; but in the view here taken, the merits of that controversy become immaterial, and allusion to it is only made for the purpose of illustrating the mischievous consequences of such a practice.

It is true, that section 10 of chapter 3 R. S. provides for the amendment of "omissions or errors" in tax lists, and section 142 of chap. 6 declares that the assessment shall not be rendered void by "errors, mistakes and omissions of the assessors." But in *Inhabitants of Norridgewock* v. *Walker*, 71 Maine, 181, the court said: "Before one proceeds to amend errors or supply omissions in a tax list, there must be a tax list in existence, such as the law requires 'under the hands of the assessors,' and that is precisely where the record proof is deficient. It is true that this record is not required to be under the hands of the assessors; a copy will answer; but the original must appear to have been under the hands of the assessors, and this the record fails to show. . . . . In order to make the healing provisions of that section (142 c. 6) applicable there must first be an assessment under the hands of the assessors."

Nor is the requisite proof of the existence of a supplementary list of taxes, signed by the assessors as the law requires, supplied by the warrant to the collector of November 18 for the collection of certain sums set against the names therein written. For if it be assumed that this warrant was signed by three assessors in their capacity as assessors, though described as selectmen, it is not in the form required by law, with a list of assessments appended and referred to in the warrant, as in *Norridgewock* v. *Walker*, 71 Maine, supra, and *Bath* v. *Whitmore*, 79 Maine, 182, but it is in terms a direction to collect certain amounts from the persons named. The supplemental assessment was not incorporated in the warrant. It fails to supply the deficiency in the record evidence of the supplemental assessment relied upon by the plaintiffs.

*Judgment for the defendant.*