## IDA L. BURGESS *vs.* REUEL ROBINSON.

### Waldo.    Opinion March 1, 1901.

*Taxes.  Assessment.   Description.   Fraudulent Conveyance.   R. S., c. 6, §§ 193, 197; Stat. 1844, c. 123; 1895, c. 70.*

In a real action to recover possession of real estate by virtue of a tax title, *held;* that in the assessment which establishes the lien on land and forms the basis of all subsequent proceedings, there must be a definite and distinct description of the land upon which the tax is intended to be assessed. This requirement is not obviated, nor the rule modified by the amendatory act of 1895, chap. 70, relating to sales of land for non-payment of taxes.

In the collector's return to the town clerk "with a particular statement of his doings," under the caption "description of property," are found only the words "On Brown road." No attempt whatever is here made to give any description or designation of the land sold. Such an entire omission to describe the land in this return must be deemed fatal to the validity of the sale and of the title which the collector seeks to pass by his deed to the town.

The husband, a judgment debtor, whose land has been sold on execution to his creditor, cannot make a valid title to his wife under a tax deed from the town where he pays for the same with his own money. Such deed must be treated in law as if made to the husband; and if made to him, it would have the effect as against the judgment creditor, to extinguish the tax title in the same manner that a release from the town before the expiration of the two years would have done.

On report.    Judgment for defendant.

Writ of entry brought to recover possession of certain real estate situate in Searsmont, Waldo county. Plea, the general issue. The plaintiff claimed title under a tax deed; the defendant claimed

title under a sheriff's deed, dated November 5, 1896, and under which he took possession. The tax was assessed in April, 1895. The tax sale was on December 8, 1896.

*R. F. and J. R. Dunton*, for plaintiff.

Statutes in force at time of tax sale: R. S., c. 6; § 193 as amended by Stat. 1895, c. 70, § 1; § 194 as amended by Stat. 1895, c. 70, § 3; § 195, as amended by Stat. 1895, c. 70, § 4; § 196, as amended by Stat. 1895, c. 70, § 5; § 197, as amended by Stat. 1895, c. 70, § 7. Stat. of 1895 applies to all taxes assessed on or after April 1, 1895. Stat. 1897, c. 268, amending R. S., c. 6, § 205, being remedial applies to this case. *Berry* v. *Clary*, 77 Maine, 482.

If this statute applies, when the plaintiff had shown the election and qualification of the collector, and introduced the tax deed from the collector to the town of Searsmont, and the deed from the town of Searsmont to her, with the vote of the town, authorizing the selectmen to make the conveyance, she had made out a prima facie case, and was entitled to judgment, unless the defendant introduced evidence to show that the sale was invalid and ineffectual to convey the title. This he did not do. The collector's deed is duly executed and recorded. It contains a sufficient description of the real estate to identify it beyond any question. It shows a strict compliance with the statute in making the sale, and meets the requirements of all the decisions of our court.

The Stat. of 1895 fixed the time and place, when and where, all sales are to be made. It requires the collector to give notice of the sale and make return to the town,—which was all done,—but it also provides that "no irregularity, informality or omission in giving the notices required by this act, or in lodging copy of any of the same with the town clerk, as herein required, shall render such sale invalid, but such sale shall be deemed to be legal and valid, if made at the time and place herein provided, and in all other respects according to law, except as to the matter of notice."

It is clear that the intent of the legislature in making these amendments was to render more effective sales of real estate for non-payment of taxes. The court should so construe the proceed-

ings of town officers in assessing taxes and making sales as to give effect to the purpose and intent of the legislature clearly expressed in these amendments.

*Reuel Robinson*, for defendant.

Counsel argued that the tax is invalid.

(1.) Because the description of the property upon the assessment list is insufficient. (2.) Because the return of the collector to the town clerk and his certificate to the town treasurer contain no description of the property sold. (3.) Because the return of the collector to the town clerk and his certificate to the town treasurer state that the whole was sold, but do not show, neither does it appear anywhere in evidence, that it was necessary to sell the whole, nor that the collector exposed for sale and sought offers for a fractional part of the premises sufficient to pay the tax and legal charges and could obtain no bid therefor; recitals to that effect in the tax deed not being evidence. (4.) Because the return to the town clerk and the certificate to the town treasurer do not state how or to whom the collector gave the ten days notice to resident owners, while the return upon the back of the general notice shows that no such ten days notice was given. (5.) Because there is no evidence that the municipal officers employed any one to attend the sale and bid therefor a sum sufficient to pay the amount of tax due and charges, in behalf of the town or, if such a person was employed, that the premises were so bid in by the person employed. (6.) Because the collector's deed shows that the collector gave notice that the sale would take place in the wrong year, to wit, the year 189. (7.) Because there is no sufficient description of the premises in the collector's deed to the town. (8.) Because the collector's deed runs to the "Town of Searsmont" instead of to the "Inhabitants of Searsmont", while the quitclaim deed to plaintiff is given by the "Inhabitants of the Town of Searsmont". (9.) Because the premises were bought by Joseph S. Burgess against whom the tax was assessed, although the deed was made to his wife, the plaintiff. (10.) Because a wife may not acquire a title as against her husband to his separate estate by purchasing at a tax sale.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

WHITEHOUSE, J.    This is a writ of entry to recover possession of certain real estate situated in Searsmont, in the county of Waldo, bounded as therein described, and alleged to contain one hundred and eighty-seven acres, more or less.

The plaintiff derives her title to the land by a deed from the inhabitants of the town of Searsmont to whom the land was sold by its collector of taxes December 8, 1896, for non-payment of the tax assessed thereon for the year 1895, as the property of Joseph S. Burgess, the plaintiff's husband. The defendant derives title under a sheriff's deed dated November 5, 1896, given in pursuance of a sale thereof on an execution against Joseph S. Burgess, which passed to the defendant all the interest Burgess had at the date of the attachment on the original writ, June 8, 1895.

It is contended in behalf of the defendant that the plaintiff's attempt to set up a tax title cannot prevail, first, because the requirements of the statutes were not observed by the town officers either in assessing the tax, or in conducting the sale of the land for non-payment of the tax; and second, because he says that if the town did acquire a valid title under its tax deed, the plaintiff acquired no title under her deed from the town, for the reason that the purchase was in fact made by the husband and the consideration furnished by him, and the deed taken in the name of the wife, this plaintiff, for the manifest purpose of defeating the rights of the attaching creditor.

In support of the plaintiff's tax title it is suggested that the amendatory act of 1895, chap. 70, relating to sales of land for non-payment of taxes, (made applicable by chap. 137 to taxes assessed that year) affords relief from a rigid compliance with some of the requirements of the statues to which many of the adjudications of of this court have hitherto related; and it is contended that the proceedings in this case show a strict adherence to the mode prescribed by the statues as amended by the act of 1895.

But a careful examination of the provisions of that act fails to

disclose any attempt or purpose to modify the rule established in *Greene* v. *Lunt*, 58 Maine, 518, and re-affirmed in all the subsequent decisions down to *Green* v. *Alden*, 92 Maine, 177, that in the assessment which establishes the lien on land and forms the basis of all subsequent proceedings, there must be a definite and distinct description of the land upon which the tax is intended to be assessed. Indeed, it may fairly be said that a contrary intention affirmatively appears, for in R. S., c. 6, § 193, as amended by the act of 1895 above cited, is still found the provision authorizing the collector to post notices of the sale, "designating the name of the owner, if known, the right, lot and range, the number of acres as nearly as may be, the amount of tax due, and such other short description as is necessary to render its identification certain and plain."

This identical language is found in the original act of 1844 (ch. 123) and has been retained in all subsequent revisions. It is also cited by the court in *Greene* v. *Lunt*, 58 Maine, supra, in confirmation of the view there taken respecting the necessity for a definite description of the land in the assessment list; for the list of assessments commited to him is the source from which the collector must obtain the information to enable him to give such "short description as necessary to render its identification certain and plain" in the notices of sale to be posted by him, and in the returns which he is required to make to the town clerk and treasurer.

It further appears that sect. 197 of the same chapter, though amended by the act of 1895, still declares that within thirty days after making such sale the collector "shall make a return, with a particular statement of his doings in making such sales, to the clerk of his town, who shall record it in the town records; and said return . . . . shall be evidence of the facts therein set forth in all cases where such collector is not personally interested." The amendment then provides that this return shall be in substance like the form there prescribed; and by this form he is required to " set forth each parcel of the estate so offered for sale" in the schedule outlined, under the caption "description of property." Nor is there any provision in the act of 1895 to relieve

the collector from the duty of making this return to the clerk in accordance with the strict requirements of the statute. True, the amendment to sect. 193 provides that "no irregularity, informality or omission in giving the notices required by this act, or in lodging copy of any of the same with the town clerk as herein required, shall render such sale invalid," but this obviously has no reference to the formal return of his doings which the collector is required by section 197 to make to the town clerk within thirty days after the sale.

The defendant accordingly insists, in the first place, that the assessors' description of the land in their inventory or assessment list, is imperfect, indefinite and insufficient to meet the requirements of the law. The same description is given in the plaintiff's writ as follows: "On Brown road, bounded N. W. by O. E. Robbins & als, N. E. by Brown road, S. E. by Appleton Ridge road and E. Luce and S. W. by S. R. Bennett. 2 Hs. 2 Bs. No. of acres 187."

But the real estate owned by Joseph S. Burgess in the town of Searsmont in 1895 consisted of at least four definite parcels in the locality indicated, and the boundaries named by the assessors do not appear from the evidence to be an accurate description, either of all the land in solido, or of any particular parcel of it. The number of acres is stated to be 187, while the land owned by Burgess consisted of 162 acres. The Brown road, as a northeast boundary is applicable only to that part of the property known as the "Morton Bennett farm," for taken as a whole it is also bounded on the northeast by land of O. E. Robbins. That portion of the land known as "the 22 acre meadow lot" is bounded on the southeast by the "S. R. Bennett farm" and not by "Appleton Ridge road and E. Luce." A portion of the land on the southwest is bounded by land of H. Whitney and not by land of S. R. Bennett. Again, a small lot carved out of one of the parcels known as the "Elijah Luce farm" was in the spring of 1895 owned by John Keene. The figures and letters "2 Hs. 2 Bs." are mystic abbreviations which lend no practical significance or force to the other terms employed. There is no mention of the number

of any of the lots, and the land is not even designated as the Burgess farm. In view of these facts it is extremely doubtful if the person named as the owner of the land, relying upon this description alone, could determine whether it was his property or his neighbor's that was taxed, or if a purchaser could obtain from it sufficient information in regard to the extent of the land to enable him to make an intelligent offer for it.

But, if it be assumed that such a description in the assessment would be a reasonably sufficient foundation for a valid sale of the land for non-payment of the tax, the collector, in making his return to the town clerk "with a particular statement of his doings" as required by § 197, has utterly failed to make use of this description found in the assessment list committed to him; for in the form prescribed by the amendment of 1895 for the schedule in this return, under the caption "description of the property" we find only the words "on Brown road." No attempt whatever is here made to give any description or designation of the land sold. Not even the number of acres is stated. Such an indefinite reference to the land sold is manifestly insufficient to "render its identification certain and plain," and it utterly fails to accomplish the purpose for which such a return to the town clerk is required. By the act of 1844 ch. 123, this return was made legal evidence of the facts therein set forth, while it is settled law that the recitals in a collector's deed are not evidence of the facts recited. *Libby* v. *Mayberry*, 80 Maine, 137; *Ladd* v. *Dickey*, 84 Maine, 190. This return recorded in the town records, is the legal source from which the owner must ascertain what portion of his land, if any, has been sold for taxes, and without a proper description of it he is unable to learn what he is required to redeem.

Such an imperfect description of the land, or rather such an entire omission to describe the land, in this return must be deemed fatal to the validity of the sale and of the title which the collector sought to pass by his deed to the town. *Andrews* v. *Senter*, 32 Maine, 394; *Ladd* v. *Dickey*, 84 Maine, 190.

This conclusion respecting the validity of the deed to the town renders it unnecessary to consider the validity of the title acquired

by this plaintiff by her deed from the town. It is a satisfaction to remark, however, that if the collector's sale to the town had been a valid one, this plaintiff could not be allowed to profit by it under the circumstances of this case, in the manner proposed.

In the spring of 1895 the land stood in the name of Joseph S. Burgess, this plaintiff's husband, and was taxed to him. In June of the same year the attachment was made upon it in the suit which went to judgment and execution and resulted in the sheriff's sale to the defendant November 25, 1896. It was the duty of Joseph S. Burgess to whom the land was taxed, and who owned it subject to the lien of the attaching creditor, to pay the tax assessed upon it for that year. But he suffered the property to be sold for taxes December 8, 1896, and after the expiration of the two years allowed by statute for redemption, he was permitted by the town to purchase the land by paying the amount of the tax and costs and to take a deed of it in the name of his wife. The conclusion from the testimony is irresistible that this was all done in pursuance of a purpose to defeat the rights of the attaching creditor and of this defendant who was the purchaser at the sheriff's sale; and that this plaintiff was cognizant of that purpose and participated in it. But the law will not permit it to prevail. Under such circumstances the purchase from the town will be regarded as made for the benefit of the estate, and not in fraud of the rights of the defendant. The deed from the town is inoperative to give the plaintiff a valid title as against the defendant. It must be treated in law as if made to the husband Joseph S. Burgess; and if it had been made to him it would have had the effect, as against this defendant, to extinguish the tax title in the same manner that a release from the town before the expiration of the two years would have done. *Varney* v. *Stevens*, 22 Maine, 331; *Dunn* v. *Snell*, 74 Maine, 22, and cases cited. The entry must be,

*Judgment for defendant.*