CITY OF OLD TOWN *vs.* CHESTER W. ROBBINS.

Penobscot.          Opinion, August 3, 1936.

*Stanley F. Needham,*
*William H. Powell,* for plaintiff.
*Albert C. Blanchard,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

DUNN, C. J.   These three real actions, to recover as many
parcels of land, were brought by the city of Old Town, against the
original resident owner, in reliance on tax titles.

The tenant pleaded the general issue.

The cases were heard as one, jury waived, on identical facts.
Demandant did not prevail.

Title, if any, to the property, had been acquired by the demand-
ant, on purchases at summary and direct sales to enforce liens, for
1930 tax delinquency, forfeitures of the real estate assessed being
sought. R. S., Chap. 14, Sec. 75.

The statute will, for the sake of simplicity, hereinafter be cited
by section only.

It may be assumed, for purposes of decision, that the lands were
liable to taxation; that the taxes were duly laid; that they were
liens; that all of the proceedings preliminary to the sales were
regular; and that there was no error, afterward, excepting the
return of the sales, required by Section 79.

At the trial, demandant offered, and there was introduced with-
out objection, as the formal return of the tax sales, what the bill

of exceptions styles a "document." As tendered, acquiesced, and received, it was apparently supposed sufficient.

Section 79, prescribing the making of returns, is of moment. It exacts that, within thirty days, the collector

"shall . . . make a return, with a particular statement of his doings in making such sale, to the clerk of his town, who shall record it in the town records; and said return, . . . shall be evidence of the facts therein set forth. . . ."

The commands of the section are positive and direct; there is no limitation, no modification, attached to them.

The section recites the form which the collector, in making his return, must, in substance, follow; the form is indicative that, to be complete, the return must be dated, and be signed by the tax collector.

The document lacked both date and signature. When this came to attention, counsel for demandant moved leave to amend. The judge found, from testimony, that what was intended as an official return, had been seasonably prepared and filed; and that want thereon of signature and date, arose from oversight, merely.

It was ruled that the return the collector had attempted to make was amendable to conform to facts. Permission being granted, the omissions were supplied by the collector who had sold the lands.

The tenant noted exception.

Later in the trial, the judge ruled that the purposed return fell short, as made and filed, of compliance with the statute; that it could not legally be amended; and that a proper return was necessary.

At this point demandant rested.

The tenant produced no evidence. The cases were decided, as has already been stated, in his favor.

Exceptions by demandant question rulings: That the statute relating to returns is mandatory; that the return was not amendable; that though it had been allowed amended, and admitted, once, it was not proof; and that, on all the evidence, the burden of proof had not been sustained.

The exceptions must be overruled.

One of the principal objects of returns of tax sales is that persons who are interested in the realty may be apprised of their situation. The return is "the legal source from which the owner must ascertain what portion of his land, if any, has been sold for taxes, and . . . to learn what he is required to redeem." *Burgess* v. *Robinson*, 95 Me., 120, 126, 49 A., 606.

All provisions of the statute, whether they relate to proceedings before, or subsequent to the sale, must be strictly complied with, or the sale will be invalid. *Landis* v. *Vineland*, 61 N. J. L., 424, 39 A., 685.

The sale of land for taxes is the execution of a naked power. *Baxter* v. *Jersey City*, 7 Vroom, 188, 191.

To prevent forfeitures, strict constructions are not unreasonable. *Cressey* v. *Parks*, 76 Me., 532; *Charleston* v. *Lawry*, 89 Me., 582, 36 A., 1103; *Baker* v. *Webber*, 102 Me., 414, 67 A., 144; *Milo* v. *Water Company*, 131 Me., 372, 163 A., 163.

The purchaser at a tax sale has no title till the expiration of the time for redemption. The deed is to be executed, but not delivered, immediately; it is to be put in the treasurer's office, and there remain two years, subject, meanwhile, on redemption from the sale, to cancellation. Secs. 76, 80. Redemption cuts off the purchaser's rights, and makes the original title absolute. This right of redemption need not be exercised unless it can be shown that the steps leading up to the sale have been taken in strict accordance with law. *Landis* v. *Vineland*, supra. The doctrine of caveat emptor applies to such sales in its fullest force. *Packard* v. *New Limerick*, 34 Me., 266.

A purpose of returns of tax sales is to facilitate redemption.

Mr. Cooley says: "The making of the return is important to the land owner if his right to redeem is to depend upon or be ascertained by it, and then the failure to make it would be fatal. If made, it should be filed or recorded in proper time, and should conform in its recitals and certifications to the statutory requirements." Cooley on Taxation (3rd ed.), page 989. See, too, *Ladd* v. *Dickey*, 84 Me., 190, 24 A., 813.

The right of redemption is a substantial one. *Martin* v. *Barbour*, 140 U. S., 634, 35 Law ed., 546.

The signature of the collector gives the return authenticity.

Undated returns on writs, primary to final inclusive, may be amended, *Haven* v. *Snow,* 14 Pick., 28, and when what was designed as the return is unsigned, the signature may be added; not, however, to affect the rights of innocent third persons. *Fairfield* v. *Paine,* 23 Me., 498; *Wilton, etc., Co.* v. *Butler,* 34 Me., 431; *Glidden* v. *Philbrick,* 56 Me., 222; *Briggs* v. *Hodgdon,* 78 Me., 514, 7 A., 387.

But the inherent and comprehensive power which courts have over their process, is without efficacy here, because of a governing statute. Sec. 79, before cited.

If, in forfeiture proceedings, a return of the sale of real estate, for an ordinary assessment of taxes, be amendable, the return must first have existence. Without the signature of the collector, there is no return. This principle finds support in our own cases. *Norridgewock* v. *Walker,* 71 Me., 181, 183; *Belfast Savings Bank* v. *Kennebec, etc., Company,* 73 Me., 404; *Topsham* v. *Purinton,* 94 Me., 354, 47 A., 919. See, too, *Bass* v. *Dumas,* 114 Me., 50, 95 A., 286.

Amendment could not alter the fact that no return of the sales, under signature of the collector, and dated, was ever made and filed. That which was made and filed, was simply a sheet of paper on which were certain words and figures; but no signature; no date. It was not entitled to record. *DeWitt* v. *Moulton,* 17 Me., 418.

Demandant further contends that the return had, with the approval of the court, been amended; that it was evidence, and ought to have been given consideration.

The case was being tried without the intervention of a jury, right to exceptions on the law reserved.

The judge was sitting as trier of the facts as well as the law. He permitted amendment; on deeper reflection, he ruled that there was no evidence of a return. He declared that what was meant for a return of the lands sold did not comply with the statute, and could not be amended. There was no error in that.

Another contention is that to establish a prima facie case, it only became necessary to introduce the tax deeds, Section 87; and that, the tenant offering no testimony, the deeds sustained the claim of title to the respective lots.

The "document," though held inadequate as a return, remained in evidence; which side introduced it was of no concern. *Foss* v.

*McRae*, 105 Me., 140, 73 A., 827. The fact was proved that no return of the sales, affording a basis for possible amendment, had been made. The prima facie showing of the tax deeds, standing alone, was overcome.

*Exceptions overruled.*