ROBERT CLARK HILL *v.* WILLIAM J. ELLIS, JR., and CHARLES G. JONES.

*(December* 11, 1941.)

LAYTON, C. J., sitting.

*Houston Wilson* for petitioner.

*Isaac D. Short, II,* for respondents.

Superior Court for Sussex County, October Term, 1941.

LAYTON, Chief Justice:

The petitioner is the City Manager of the City of Rehoboth, and as such he is charged with the collection of municipal taxes. The respondent, William J. Ellis, Jr., is the owner of two lots of land, designated as lots 36 and 37, Block 17, Rehoboth Heights Development Company, against which taxes in the sum of $6.98 were levied for the year 1938. In addition the respondent was assessed with a capitation tax of one dollar.

The taxes were not paid, and on June 29, 1940, the petitioner, after due proceedings, sold both lots of land apparently as one lot to the respondent, Jones, for the sum

of $305. Although, under the statute, the return of the sale should have been made to the ensuing October term of this court no return of the sale was made or attempted to be made until July 11, 1941, when the petitioner prayed for the issuance of a rule requiring the respondents to show cause why the sale of the lands should not be approved and confirmed. The respondent, Ellis, was in the military service of the United States, and counsel was appointed by the court to protect his interest.

The procedure provided by the charter of Rehoboth for the sale of lands for unpaid taxes (Ch. 161, Vol. 41, Del. Laws, Sec. 27) directs the filing of a petition in this court stating certain facts. The petition is not presented to the court for action. The prothonotary records the petition, and endorses on the record an order to "sell the lands and tenements herein mentioned or a sufficient part thereof for the payment of the amount due". The statute proceeds to declare:

"Each sale of lands and tenements shall be returned to the Superior Court, aforesaid, at the ensuing term thereof following the sale. At the return of said sale the Court shall inquire into the circumstances and either approve or set aside the sale. No sale shall be approved by the Court if the owner be ready at the Court to pay the taxes * * * due the City, together with penalty, interest and costs, if any. If it set aside the sale, the Court may order another sale and so on until the tax * * * is collected.

"If the sale shall be approved by the Court, then at the expiration of one year from the date of the sale (which shall be known as the redemption year) the City Manager shall * * * execute and deliver a deed to the purchaser * * *, which shall convey the title of the taxable * * * provided, however, that within the redemption year, the owner * * *

shall have power to redeem the lands on payment of the cost, the amount of the purchase money and twenty per cent interest thereon to the purchaser * * *. If the purchaser refuses to accept the same or in the event the purchaser * * * cannot be located within the State of Deaware, then, in either event, it shall be lawful for the owner * * * to pay the amount of the redemption money to the City Manager * * * and, upon taking from him a good and lawful receipt therefor, such receipt shall be considered for all intents and purposes as a valid and lawful exercise of the owner * * * of * * * his * * * power to redeem the land so sold."

The petitioner contends that the statutory direction for the return of the sale at the ensuing term of the court is directory only; that the sale has all the attributes of a judicial sale; and that the court, in the exercise of its inherent power over its own processes, may allow the return to be made, and if otherwise regular, may confirm the return.

■ ■ Statutes authorizing sales of land for delinquent taxes are strictly construed in favor of the owner of the land; and all requirements of the law designed for the benefit and protection of the owner are to be regarded as mandatory and are to be strictly enforced. There are decisions to the effect that the statutory requirement with respect to the time of making return of the sale is directory only. *Free v. Green,* 175 *Md.* 36, 199 *A.* 857, 117 *A. L. R.* 717; *Langley v. Batchelder,* 69 *N. H.* 566, 46 *A.* 1085; *Brien v. O'Shaughnesy,* 3 *Lea* (*Tenn.*) 724. *In* 3 *Cooley, Taxation, 4th Ed.,* § 1450, it is said that a report of the sale by the officer who has made it is commonly provided for, sometimes for the purposes of a record exclusively, and sometimes, also, because some other officer than the one who made the sale is to execute the deed; and where the case is such that a report is of no importance to the landowner, he

would probably not be heard to complain of a failure to make return, or of errors or imperfections in it. But, by the great weight of authority, a statutory requirement that a sale of land for taxes be returned at a fixed time, is mandatory, and the omission of the officer conducting the sale to make timely return renders the sale void. 61 *C. J.* 1215, 1217; *Blackwell, Tax Titles,* § 641; *Landis v. Vineland,* 61 *N. J. L.* 424, 39 *A.* 685; *City of Old Town v. Robbins,* 134 *Me.* 285, 186 *A.* 663; *Shimmin v. Inman,* 26 *Me.* 228; *Lasher v. McCreery,* (*C. C.*) 66 *F.* 834; *DeForest v. Thompson,* (*C. C.*) 40 *F.* 375; *Gregory v. Davis,* 117 *Pa. Super.* 1, 177 *A.* 331; *Jenkinson v. Auditor General,* 104 *Mich.* 34, 62 *N. W.* 163. In *Black, Tax Titles,* § 303, the author, in commenting on the suggestion that the landowner probably would not be heard to complain of failure to make a timely return of sale if the return was of no importance to him, says, "but it is difficult to see why the owner should not be permitted to take advantage of any disobedience to positive statutory directions, especially where such neglect, even without directly affecting his own rights in the premises, would constitute a flaw in the claimant's title." And Judge Cooley admits, supra, that the making of the report of sale is important to the landowner if his right to redeem is made to depend upon or be ascertained by it, and in such case the failure to make return in proper time would be fatal.

The return of sale is the statutory source of information to which the landowner may properly refer, whether he intends to contest the validity of the proceedings, or to redeem his land. The right of redemption is a substantial right, and one of the purposes of the requirement that a return of sale be made is to facilitate redemption. By it the owner is informed as to what part, if any, of his land has been sold for taxes, and, therefore, what

he is required to redeem, and the cost of redemption. The particular statutory provision before the court differs materially from all of those quoted in the cited cases; for, after directing the sale to be returned at the ensuing term of this court following the sale, it forbids the court to approve the return if the owner "be ready at the Court" to redeem the lands sold. In effecting redemption, the owner is required to pay a heavy penalty of twenty per centum of the purchase price; and it is entirely clear that the purpose of the Legislature was to afford the landowner an opportunity speedily to redeem his lands at a fixed time and place. He is not required to take notice of and to attend one or more subsequent terms of court for the purpose of exercising his right; and the fact that provision is made for redemption within a year from the date of sale by permitting the owner to pay to the City Manager the amount required, if the purchaser refuses to accept the redemption money, or if he cannot be located within the State of Delaware, does not qualify the absolute duty imposed on the City Manager to make return of sale at the time and place established by the law. Obviously, the provision was not alone for the purpose of making a record, nor merely for the convenience of the officer making the sale, nor simply to promote system and dispatch in the conduct of public business. It is to be regarded as a recognition by the Legislature of the fact that a fixed time and place for making a return of sale is of importance to the landowner in the exercise of his substantial right. This court, in such matters, exercises a special and limited jurisdiction; and while, under the statute, a sale of land for taxes has some of the characteristics of a judicial sale, the court may not, by a perversion of the principle that, as a court of general jurisdiction, it has inherent control over its own process, convert that which is an imperative direction to the City Manager into a mere directory provision. The conclusion must be

that, under the municipal charter, a sale of land for taxes will be void and of no effect if the City Manager fails to make return of sale to this court at the ensuing term following the sale.

There are special reasons why the return of sale cannot be permitted to be made, or if permittted, cannot be approved.

 The lands were sold on June 29, 1940. The redemption year expired on June 28, 1941. The return of sale was not attempted to be made until July of this year. From any point of view, the return of sale must be made within the period of redemption. *Free v. Greene, supra.*

██ ██ Two distinct lots were charged with taxes. The amount of the tax was trifling. The authority granted to the City Manager was to sell the lands and tenements, or a sufficient part thereof, to satisfy the tax. This is a limitation of authority. Notwithstanding, the two lots of land were sold for a sum in excess of three hundred dollars; and the return of sale fails to explain why it was necessary to sell both lots to satisfy the paltry tax.

The return of sale is not approved. The rule to show cause is discharged.