THE STATE, CHARLES K. LANDIS, PROSECUTOR, v. THE BOROUGH OF VINELAND.

1. If there has been conferred upon boroughs organized under the Borough act of April 5th, 1878, power to provide by ordinance for the construction of sidewalks on streets at the expense of the owners of

the adjoining lands, such power is judicial in character and can only be exercised upon notice to the owners and giving them an opportunity to be heard.

2. In the absence of any provision for constructive notice, reasonable actual notice must be given to the owners, of a time and place when and where they may be heard in respect to the proposed passage of such an ordinance.

3. If the proceedings of the borough council show no notice or hearing and none is proved to have been given, such an ordinance cannot be supported.

On *certiorari.*

The writ of *certiorari* has brought up the following ordinances of the borough of Vineland :

"An ordinance for the construction and repair of sidewalks and for the trimming of shade trees within the borough of Vineland.

" Section 1. Be it ordained by the mayor and council of the borough of Vineland, That sidewalks upon all accepted streets, roads, avenues and public places in said borough, shall be constructed, repaired and kept in repair by the owner or owners of lands along which sidewalks are or may be located, as hereinafter provided.

" Section 2. And be it ordained and enacted, That the mayor shall appoint a committee of three, being members of the board of councilmen, to be known as a committee on sidewalks and shade trees, which committee shall have the general supervision and control, in locating, grading, constructing and repairing all sidewalks within said borough, but shall act under the advice and instruction of the mayor and council, who shall designate by resolution or otherwise the kind, quality, grade and location of any sidewalk to be constructed or repaired, when it shall be the duty of said committee to serve upon the owners of lots or lands in front of or by the side of which any sidewalk is to be constructed or repaired, a notice in writing, which notice shall specify the location, grade and quality, and the time within which such walk is to be con-

structed, altered in grade or repaired as may have been deter-
mined or required by the said mayor and council and shall
be served personally upon the owner of such lots or lands,
his or their agent or tenant, at least twenty days previous to
the time designated therein for the construction or repairing
of sidewalks.

"Section 3. And be it ordained and enacted, That if any
owner or owners of lots shall neglect or refuse to construct or
repair and keep in repair sidewalks as specified in said notice
within twenty days after the service thereof, then the mayor
and council shall cause the work to be done, and the money
so expended, with costs, interest and expenses thereof, shall
be by the said mayor and council assessed upon the lot or lots
of land in front of or by the side of which said sidewalk shall
have been so graded, constructed or repaired, by resolution,
setting forth the name of the owner, description of lot or lots
owned and the amount assessed thereon, and entered at length
on their minutes, and a copy thereof certified by the mayor
and borough clerk, shall within ten days thereafter be deliv-
ered to the collector of taxes for the said borough, who shall
at once enter the same in a book provided for that purpose,
to be called 'Sidewalk Assessment,' and such assessment shall
become and remain a lien on such lot or lots until paid, and
if not paid within six months from the passage of aforesaid
assessment resolution, the mayor and council shall proceed to
collect the same by enforcing such lien in the same manner
and to the like effect as prescribed in a certain act entitled
'A further act concerning taxes, making the same a first lien
on real estate, and to authorize sales for the payment of same,'
approved March fourteenth, one thousand eight hundred and
seventy-nine.    *    *    *

"Section 5. And be it further ordained and enacted, That
this shall be known as ordinance No. 12, and shall take effect
on the tenth day of September, 1883.

"Passed July 13th, 1883."

"Supplement to ordinance No. 12. A supplement to an ordinance entitled 'An ordinance for the construction and repairing of sidewalks in the borough of Vineland,' designated as ordinance No. 12.

"Section 1. Be it ordained by the mayor and council of the borough of Vineland, That sidewalks be laid and constructed on Plum street, between Third and East avenues; on East avenue, from Park avenue to Landis avenue; on the East and West Boulevard, from Chestnut avenue to Park avenue, and on Fourth street, from Plum to Montrose street, of either brick, stone or cement, a width of six feet, on either side of the said streets, at the cost and expense of the owner or owners of the lands in front of which the same shall be laid or constructed.

"Section 2. And be it further ordained, That the said sidewalks shall be laid according to the grade thereof established by the profile of said street made by Nathan L. Fowler, civil engineer, and now in possession of the said mayor and council, and that the owner or owners of said lands abutting thereon shall have thirty days' time within which to perform the work required by this ordinance, after written notice of the required work be sent to such owner or owners by mail, if their post-office address be known, and, if not, then by posting such notices on the premises affected thereby or leaving the same with any occupant thereof, or by personal service, if such owner or owners be resident of the borough.

"Section 3. And be it further ordained, That this ordinance shall take effect on the twenty-sixth day of June, A. D. eighteen hundred and ninety-three.

"Passed and approved thirteenth day of June, A. D. 1893."

"Supplement to ordinance No. 12.

"Section 1. Be it ordained by the mayor and council of the borough of Vineland, That sidewalks be laid and constructed on Grape street, from Third street to East avenue, and on Montrose street, from Third street to East avenue, of

either brick, stone or cement, a width of six feet on either side of the said street, at the cost and expense of the owner or owners of the lands in front of which the same shall be laid or constructed.

"Section 2. And be it further ordained, That the said sidewalks shall be laid according to the grades thereof established by the profiles of said streets made by Nathan L. Fowler, civil engineer, and now in possession of said mayor and council, that the owner or owners of said land abutting thereon shall have thirty days' time within which to perform the work enjoined by this ordinance after written notice of the required work to be sent to such owner or owners by mail, if their post-office address be known, and if not known, then by posting such notices on the premises affected thereby, or by leaving the same with any occupant thereof, or by personal service if such owner or owners be resident of the borough.

"Section 3. And be it further ordained, That this ordinance shall take effect on the twentieth day of September, one thousand eight hundred and ninety-three."

Argued at February Term, 1897, before Justices DIXON and MAGIE.

For the prosecutor, *Charles K. Landis, Jr.*

For the borough of Vineland, *Royal P. Tuller.*

The opinion of the court was delivered by

MAGIE, J.   A stipulation of the attorneys of the parties admits that the prosecutor is the owner of lands affected by the two supplements to the ordinance of the borough of Vineland, called "Ordinance No. 12," which ordinance, with said supplements, appears in the statement prefacing this opinion.

It is unnecessary to consider prosecutor's objections to Ordinance No. 12, because its provisions in no respect particularly affect him.

The supplements, one of which was passed June 13th, 1893, and the other of which was passed September 20th, 1893, do affect prosecutor directly, because they provide for the laying of sidewalks in front of his lands at his expense.

If this borough, which, it appears by stipulations in the case, was organized under the Borough act of April 5th, 1878, possesses power to pass these supplements, it has been conferred by two legislative acts. The first was approved March 13th, 1883. It was no doubt intended to be a supplement to that Borough act, but, by a singular error in its title, it was declared to be a supplement to an act of the same name approved April 3d, 1878. There was no act of that description approved April 3d, 1878. This error was attempted to be corrected by an act approved April 8th, 1887. *Pamph. L., p.* 142. The supplement will be found in *Gen. Stat., p.* 184.

The other act was a supplement to the Borough act of April 5th, 1878, and it was approved March 11th, 1885. It will be found in *Gen. Stat., p.* 185. Its title is not defective, and while it purports to amend the act of March 13th, 1883, its provisions are probably unobjectionable, whatever was then the *status* of the act which it purported to amend. If these two acts are valid expressions of the legislative will, it is obvious that there has been conferred upon boroughs organized under the Borough act of April 5th, 1878, the power to provide by ordinance for constructing sidewalks on any of the streets of the borough at the expense of the owner of the lands in front of which the same are constructed. Nor is the power, if any so conferred, affected, as contended by prosecutor, by the subsequent supplement to the Borough act in question, approved April 1st, 1887 (*Gen. Stat., p.* 193), as amended by a further supplement approved March 23d, 1888. *Gen. Stat., p.* 196. The provisions of those supplements plainly relate to the improvement of the roadway of streets, and not to the sidewalks thereof.

But if it be presumed that power to pass these supplementary ordinances existed, a further objection is made by the

prosecutor, which is that since the ordinances direct the doing of the work, the cost of which is to be defrayed by him, the action of the borough in passing them was judicial in its character and could not be lawfully taken except on notice to him and giving him an opportunity to be heard. Such is the settled doctrine of our courts, and it is plainly applicable to these ordinances which require the construction of sidewalks at prosecutor's expense. *Traction Company* v. *Board of Works*, 27 *Vroom* 431; *State, Vanatta* v. *Morristown*, 5 *Id.* 445; *Camden* v. *Mulford*, 2 *Dutcher* 49.

It is not contended that the laws governing this borough provide for constructive notice of the intention to pass such ordinances. In the absence of any provision for constructive notice, it is well settled that reasonable actual notice must be given to the person to be affected of a time and place when and where he may be heard. *State* v. *Jersey City*, 4 *Zab.* 662; *Hudson County* v. *State, Id.* 718; *State, Vanatta* v. *Morristown, supra; Camden* v. *Mulford, supra; Boice* v. *Plainfield*, 9 *Vroom* 95; *Stretch* v. *Hoboken*, 18 *Id.* 268; *Traction Company* v. *Board of Works, supra*; *S. C.*, 28 *Vroom* 710.

But it is contended in behalf of the borough that it does not appear that prosecutor did not have notice and an opportunity to be heard in respect to the adoption of these ordinances. But no such burden is imposed on prosecutor. Special tribunals, exercising a special power conferred on them to be exercised in certain modes, must make it appear that all that was essential to their jurisdiction had been done. *State* v. *Elizabeth*, 1 *Vroom* 176. Here it was essential, to empower the borough authorities to adopt these ordinances, that prosecutor had notice or an opportunity to be heard and that should appear in their proceedings. Those proceedings are before us, and it nowhere appears that prosecutor was notified or had an opportunity to be heard. The borough has not shown that such was the fact, as perhaps might have been done.

For these reasons the two supplementary ordinances must be set aside and vacated as to prosecutor.