*31 Vroom.* .Landis v. Vineland.

THE STATE, MATILDA T. LANDIS, PROSECUTRIX, v. THE
BOROUGH OF VINELAND.

1. The return of a warrant for sale of lands for delinquent taxes, made
   by a collector of taxes of a borough, which return is not accompanied
   with a copy of the required notice of such sale or with proof that it
   was published, posted and mailed, as required by law, is fatally de-
   fective.
2. Although no certificate of sale has been issued upon such a defective
   return, the owner of lands which had been sold under the warrant, is
   entitled to have the return examined by a writ of *certiorari* and
   vacated.

On *certiorari.*

Argued at February Term, 1897, before Justices DIXON
and MAGIE.

For the prosecutrix, *Charles K. Landis, Jr.*

The opinion of the court was delivered by

MAGIE, J.  The *certiorari* in this case has brought before
us a warrant issued by the borough of Vineland and directed
to its collector of taxes, commanding him, for the taxes as-
sessed thereon for the year 1894, to sell certain lands (includ-
ing lands of the prosecutrix) and what purports to be the
return of said warrant made by the collector of taxes, by
which it appears that he had made sale of the lands of prose-
cutrix to the borough of Vineland.

The writ calls for the certificate of such sale, but none has
been returned, and it appears that none has been made.

Prosecutrix claims that the collector's return is defective in
several particulars.

By section 16 of the supplement to the Borough act of
1878, which was approved March 23d, 1888 (*Gen. Stat., p.*
196), the mayor and council of any borough organized under
that act are required to enforce the payment of taxes assessed

upon lands within the borough by issuing their warrant to the borough collector for the sale of such lands in the manner provided for by the act entitled "A further act concerning taxes, making the same a first lien on real estate and to authorize sales for the payment of the same," approved March 14th, 1879, and the several supplements thereto.

By a stipulation between the attorneys of the prosecutrix and the defendant, it appears that the borough of Vineland was organized under the Borough act of 1878.

Assuming that the above-mentioned supplement to that act was within the power of the legislature to pass and that the purpose of the legislature was properly expressed, it is clear that the purpose of the provisions of section 16 was to enable and require the sale of lands for delinquent taxes within boroughs to be made in conformity with the requirements of the general act of March 14th, 1879.    *Gen. Stat., p. 3353.*

By section 4 of that act, before the collector may sell any lands under his warrant he must give notice of the time and place of sale by advertisement in a newspaper, by setting up copies of his notice in five most public places in the borough, one of which must be at or near the lands, and by mailing a copy of his notice to the owner.

By section 6, as amended by a supplement approved March 12th, 1880 (*Gen. Stat., p.* 3356), the collector is required to return with his warrant copies of the notices of the sale with proof of their publication, posting and mailing.

The objection of prosecutrix is that the return in this case is not accompanied by any copy of the notice of sale nor by any proof that it was published or posted or mailed as required by the acts referred to. In these respects the return is fatally deficient, for nothing accompanies it but a sort of certificate of the collector that he had posted "the notice of delinquent taxes," in certain places. This obviously is no compliance with the law.

Upon such a return no valid certificate of sale could be made, nor could a conveyance of the lands made thereon be supported. *Jones v. Landis Township,* 21 *Vroom* 374.

Although no certificate has been issued upon this return, prosecutrix, in my judgment, is entitled to relief as against it, and the writ in this case was properly allowed.

The return is a step in the municipal proceeding to enforce the payment of taxes upon prosecutrix's lands. Upon the doctrine laid down in the Court of Errors in the case of *Hoxsey* v. *Paterson*, 10 *Vroom* 489, the illegal and unauthorized action of municipal officers tending toward final action of a municipal body which would be injurious to an individual may, upon his prosecution, be examined under a *certiorari* and vacated. See, also, *Mowery* v. *Camden*, 20 *Vroom* 106.

Upon this ground it is concluded that the collector's return must be vacated and set aside.