CHARLES K. LANDIS v. THE MAYOR AND COUNCIL OF THE BOROUGH OF VINELAND.

1. In proceedings for the sale of land for taxes, all provisions of the statute which are designed for or conducive to the protection of persons interested in the land, whether they relate to proceedings before, or at or after the sale, must be strictly complied with, or the sale will be set aside.

2. The provisions of the statute (*Gen. Stat.*, *p.* 3353, §§ 331, 349), which require the officer making the sale to return his warrant within four months after its date, are conducive to the protection of the persons interested in the land.

On *certiorari.*

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutor, *Charles K. Landis, Jr.*

For the defendant, *Royal P. Teller.*

The opinion of the court was delivered by

DIXON, J.   This *certiorari* brings up a tax warrant, issued by the borough of Vineland, for the sale of the prosecutor's land for the taxes of 1895, and the proceedings thereunder, including a certificate of sale made to the borough as purchaser.   The warrant was issued July 14th, 1896; the sale was made August 27th, 1896, and the warrant was returned November 17th, 1896.

The only ground on which the prosecutor asks for a reversal of the proceedings is that the warrant was not returned within four months from its date, as the warrant and the statute, under which the sale was made, required.   *Gen. Stat., p.* 3353 ; *Landis* v. *Vineland,* 31 *Vroom* 271.

The question whether the title of a purchaser at a tax sale can be defeated by the failure of the officer to make return of his proceedings within the time prescribed by law, has been answered by courts both affirmatively and negatively.   Some have held that all such provisions of the statute are mandatory, and strict compliance with them is necessary to perfect the title of the purchaser ; others have decided that only those provisions are mandatory which tend to protect the rights of parties jeopardized by the sale, and that in other respects statutory rules as to the officer's proceedings subsequent to the sale are merely directory.

The latter doctrine seems to be most in accord with judicial opinion in this state.   Thus, in *Hopper* v. *Executors of Malleson,* 1 *C. E. Gr.* 382, Chancellor Green said : " To establish a title under a sale for taxes, it is incumbent on the purchaser to show that all the *prerequisites* to the exercise of the power of sale have been complied with."   And in *Woodbridge* v. *Allen,* 14 *Vroom* 262, 266, Mr. Justice Depue, in delivering the opinion of the Court of Errors, said : " One who claims title under a tax sale takes upon himself to show

affirmatively that the tax was duly assessed and was a lien on the land, and that the successive steps *which led to the sale* were regularly taken." To the same effect is the language of this court in *Jones* v. *Landis Township,* 21 *Vroom* 374, 379 : "A sale of land for taxes will be set aside unless all legal *conditions precedent* appear to have been performed." In none of these cases is it intimated that the omissions of the officer after the sale can invalidate the title of the purchaser. But in *Baxter* v. *Jersey City,* 7 *Vroom* 188, 191, the rule was stated more broadly, thus : "The sale of land for taxes or assessments is the execution of a naked power. Every requirement of the statute imposing the liability and prescribing the procedure to enforce it, *which tends to the security of the owner or is for his benefit,* must be strictly conformed to."

On these cases it seems safe to say that all proceedings up to and at the sale must be in accordance with the directions of the statute, and that such proceedings subsequent to the sale as are designed for or are conducive to the protection of the owner must likewise be regularly taken.

The statute must therefore be examined, to discover whether it will be of any advantage to persons interested in the land to have the officer make return of his proceedings within the time prescribed by law.

Under section 333 (*Gen. Stat., p.* 3353), the officer having the warrant to sell is required to give at least four weeks' public notice of the time and place of sale, by advertisement published in a newspaper, and to set up copies of the notice in five public places, and to mail a copy to the owner. Under section 349 he is required to return with his warrant all his proceedings thereunder, annexing thereto copies of the said notices, with proof of the publication, posting and mailing thereof, and his own affidavit that the return is true, full and complete in all respects. Under section 336 this return and the papers thereto annexed are to be recorded at length in the " record of tax sales " kept by the borough clerk, and by section 340 this record is made presumptive evidence of the regularity of the proceedings therein recorded. So far as

these proceedings are required to be thus returned and recorded, the defects of the record cannot be supplied by extrinsic evidence. *Jones v. Landis Township, supra ; Landis v. Vineland,* 31 *Vroom* 271. It thus appears that, according to the statute, the record in the clerk's office should, within four months from the date of the warrant and within three months from the date of sale, afford evidence, conclusive in some respects against the purchaser, whether the proceedings under the warrant have been such as to make the sale valid, and if that record does not afford the necessary evidence the sale cannot be supported.

According to the statute, the owner, mortgagee, occupant or any other person having a legal or equitable estate in land sold for taxes may redeem the same at any time within two years from the date of sale. Under our decisions above cited this right of redemption need not be exercised unless it can be shown that the steps leading up to the sale have been taken in strict accordance with law. One of the objects for which the "record of tax sales" is required is that persons interested in the property may be apprised of their situation. *Jones v. Landis Township,* 21 *Vroom* 374, 378. If this record does not disclose the requisite proceedings, these persons need not exercise their right of redemption. Of course, therefore, it is important for them to know when they may obtain an inspection of this record, and that they should have inspection as soon as possible. If the law as to the time for returning the warrant be held mandatory, these persons will know that, within three months after the sale and for a year and nine months before their right to redeem will expire, they can learn whether, on the record, the sale is invalid. If the law be held not mandatory, the time when they may obtain this useful information is left utterly indefinite.

Hence we are brought to the conclusion that the time when the officer's return should be made is important for the protection of parties having an interest in the land, and, therefore, that strict compliance with the statute in this particular, as well as in regard to the substance of the return, is essen-

tial to the validity of the title which the officer has attempted to convey.

The proceedings under the warrant must be set aside, with costs.