SARAH N. LIPPINCOTT ET AL. v. TOWNSHIP OF PEN-SAUKEN, MARY F. HOLLINSHED ET AL.

Argued February 16, 1898—Decided June 13, 1898.

1. A sale of land in a township for taxes is illegal if the warrant to sell and the return thereto be not recorded by the township clerk in " the record of tax sales."

2. The act of March 25th, 1881 (*Gen. Stat., p.* 3406), does not dispense with the necessity for such record, "the township book of minutes," therein mentioned, not being " the record of tax sales."

---

On *certiorari* in aid of an action of ejectment.

Before Justices DIXON and COLLINS.

For the prosecutors, *Samuel H. Richards.*

For the township, *John F. Harned.*

For Mary F. Hollinshed et al., *Thomas B. Hall.*

VOL. XXXIII.    12

The opinion of the court was delivered by

DIXON, J. This *certiorari* is prosecuted in aid of an action of ejectment, and its object is to set aside a tax sale made by John Thomas, collector of the township of Pensauken, Camden county, to Mary F. Hollinshed, on September 11th, 1894, and the tax deed based thereon, dated November 2d, 1896, recorded in Book No. 217 of Deeds for Camden county, page 473, &c.

The sale was illegal because neither the warrant to sell nor the return thereto was recorded by the township clerk in "the record of tax sales," as required by paragraphs 332 and 336 of the Tax act. *Gen. Stat., p.* 3275. *Landis* v. *Vineland,* 32 *Vroom* 424.

The defendants contend that this defect is cured by the act of March 25th, 1881. *Gen. Stat., p.* 3406. But we think that "the township book of minutes" therein mentioned is not "the record of tax sales" referred to in the sections above cited.

The sale and deed must therefore be set aside, with costs to the prosecutors against the township only.