MATILDA T. LANDIS, EXECUTRIX OF CHARLES K. LANDIS, DECEASED, PROSECUTRIX, v. THE BOROUGH OF SEA ISLE CITY, DEFENDANT.

Argued February 20, 1901—Decided June 10, 1901.

1. It is not necessary for a borough council, when determining what taxpayers are delinquent, in order to sell property for arrears of taxes, to cause notice to the payers, said to be delinquent, before ordering the statutory proceedings to sell to perfect the tax lien.

2. When the statute fixes what notice shall be given for the sale of property for taxes due to municipalities, the giving of such statutory notice is all that is necessary for the regularity of such proceedings.

3. The fact that commissioners for the adjustment of taxes have been appointed for a borough, under chapter 193 of the laws of 1898, does not suspend the operation of the charter provisions for sales of property in the borough for taxes. This statute is simply an additional and more effective remedy.

On *certiorari.*

Before Justices GUMMERE and FORT.

For the prosecutrix, *Charles K. Landis.*

For the defendant, *Eugene C. Cole.*

The opinion of the court was delivered by

FORT, J. The writ in this case brings up certain sales of property of the prosecutrix, for taxes for the year 1897, by the authorities of the borough of Sea Isle City.

The defendant is incorporated under the General Borough act of 1897. *Pamph. L., p.* 285.

The grounds upon which the vacation of the sale for taxes is asked are two:

*First.* Because in the record returned it nowhere appears that the prosecutrix was notified that the borough council was about to determine, under the statute, what taxpayers were delinquent and to order a sale of the property of such as were in arrears for taxes for 1897.

The contention of the prosecutrix is that the ascertainment of this fact, under the statute, is a judicial, and not a legislative, act, and that everything must appear, including a notice to the prosecutrix of such contemplated action, before sale can be ordered by the borough authorities.

The case relied upon to sustain this view is *Landis* v. *Vineland,* 31 *Vroom* 264. The principle of that case we do not think applies to the act of the borough council in ordering a warrant to issue for the sale of lands for taxes in arrears for the purpose of establishing a lien. That case related to the passage of an ordinance by the borough to assess expenses on the prosecutor for the construction of a sidewalk in front of

his property. The rule applicable to sales of land for taxes was stated by Mr. Justice Dixon, in another case, between the same parties, as follows:

"All proceedings up to and at the sale must be in accordance with the directions of the statute, and that such proceedings subsequent to the sale as are designed for, or are conducive to, the protection of the owner must likewise be regularly taken." *Landis* v. *Vineland,* 32 *Vroom* 424.

The fact that the prosecutrix was legally assessed for the taxes, upon which the sale here under review was made, and that such tax was unpaid when the borough council gave its order to sell the prosecutrix's lands, is not controverted. How was the owner injured by the action of the borough council ordering the sale in this case, if, after such action and before the sale, legal notice thereof was duly given by advertisement, as directed by statute? The prosecutrix knew whether she had paid her taxes. The statute fixes the time within which the borough must sell if it desires to preserve its lien for taxes. *Pamph. L.* 1897, *p.* 307, § 45.

Where the statute fixes what notice shall be given for the sale of property for taxes due to municipalities, the giving of such statutory notice is all that is necessary for the regularity of such proceedings.

The prosecutrix was not entitled to notice of the intention of the borough council to pass the resolution directing the issuance of a tax warrant for the sale of her property for taxes.

The other ground of objection is that the sale was illegal, for the reason that, after the levy of the taxes for 1897 and before the sale of the lands therefor, the defendant applied for, and had appointed, commissioners of adjustment, under chapter 193 of the laws of 1898, which practically applied to boroughs the provisions of an act similar to that known as the Martin act in cities, and that, because of this application and the appointment of commissioners thereunder, the provisions of the Borough act as to sales to perfect liens were superseded.

We do not see how chapter 193 of the laws of 1898 has any such effect.

This statute is simply an additional and more effective remedy. It is not intended in any way to interfere with charter provisions for the collection of taxes by sales, or the perfecting and continuing of liens by sale, in the manner provided by municipal charters. It is just as much the duty of a borough or other municipality, in which commissioners have been appointed under chapter 193 of the laws of 1898, to perfect and make valid its lien by sale within two years, if it expects to hold the same, where commissioners have been appointed under said act as where they have not. The fact of the appointment of such commissioners does not stop the running of the statutory period of two years within which the borough may establish its lien by sale for unpaid taxes.

The appointment of such commissioners does not repeal, suspend or supersede any. of the powers of the municipality for the collection of taxes.

There is no error in the proceedings returned, and the writ is dismissed.