CANAL ST. GARAGE & AUTO SERVICING CO. *vs.* PHILIP ALLEN.

FEBRUARY 7, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. Trespass and ejectment. A decision for the defendant on the merits of this case was rendered by a justice of the superior court sitting without a jury. Thereafter each party duly prosecuted a bill of exceptions to this court and the case is now before us on these bills.

Plaintiff's exceptions numbered 1, 2 and 3 are not pressed. The exceptions it relies on are: First, an exception to the overruling by the trial justice of its demurrer to defendant's second special plea; and second, an exception to the final decision of the trial justice in favor of the defendant on his first and second special pleas, after a hearing on the merits of the case. The defendant's exception is to the decision of said justice in sustaining the plaintiff's demurrer to his third special plea. By reason of the issues on which the case was heard and decided it is unnecessary to refer to certain other pleadings appearing therein.

The real estate, the title and right to possession of which is in dispute in the instant case, is situated in Providence and, according to the tax assessors' records of said city, comprises two lots of land with improvements thereon. Certain related questions bearing upon the title to such real estate were before this court and were determined in *Allen* v. *Bonded Municipal Corp.*, 62 R. I. 101, 153. The present plaintiff, a Rhode Island corporation, now claims to be the owner of said lots and entitled to the possession thereof by reason of the conveyance to it of such lots by a deed dated October 13, 1939, made and executed by Bonded Municipal Corporation, a foreign corporation. It appears that the latter, as highest bidder, purchased the real estate in question at a sale thereof held on September 26, 1935 by the city of Providence for the collection of unpaid taxes assessed thereon June 15, 1933. As such purchaser, Bonded Municipal Corporation received from said city two deeds, each of which was dated October 29, 1935 and was signed by the city treasurer. These two deeds, each describing a separate and distinct lot, covered the real estate in dispute. All of these deeds were recorded in the records of land evidence of said city.

The defendant, who owned and was in possession of the said real estate at the time of the tax sale and still continues in such possession, and who has never recognized as valid the proceedings in connection with such sale, in his first special plea alleges title and right of possession to the property in dispute in himself, and denies that the plaintiff has any title thereto or right of possession therein. The defendant's second special plea sets out that the title of plaintiff's grantor, Bonded Municipal Corporation, to the real estate involved was invalid and ineffective "because the deed of the Tax Collector of the City of Providence to said Bonded Municipal Corporation . . . was not made, executed and delivered by the said Tax Collector to the said Bonded Municipal Corporation within ten days after the date of the

alleged tax sale held on September 26, 1935, as required by the statutes in such cases made and provided . . . ." The third special plea is to the effect that said Bonded Municipal Corporation at the time of the tax sale, and of the execution and delivery of the tax deed in question, was a foreign corporation and had not at such times complied with the provisions of certain sections of the statutes of this state before carrying on business here, as such statutes required.

At the trial the defendant submitted proof in support of the allegations contained in said first and second pleas. In meeting the first special plea, however, the plaintiff's contention was that the evidence showed that it had title and right to possession of the property under its tax deeds. As to the second special plea the plaintiff maintained that no defense at law to its claim of title and right to possession was set up by such plea. The matters raised by the first and second pleas may be considered together in passing upon plaintiff's exception to the decision of the trial justice in overruling the plaintiff's demurrer to the second plea and to his decision for the defendant on the merits of the case itself. The determinative issue in this case is whether or not, under the provisions of the statute then applicable, the tax deeds in question had to be made, executed and delivered by the city to the purchaser, Bonded Municipal Corporation, within ten days after the tax sale in question.

The statute controlling in the instant case, general laws 1923, chapter 62, sec. 16, is as follows: "No entry upon the land by the collector shall be deemed necessary; but the collector, in all cases of sales of real estate, shall make a return of all his proceedings under oath into the town clerk's office, within ten days after the sale; which return shall be evidence of the facts therein stated." This statute, however, has since been amended materially several times and it now no longer appears in the above form.

The plaintiff earnestly maintains that, properly construed, the above statute does not require that, in order for a tax

deed to be valid, it must be executed and delivered within ten days after the tax sale at which the property sought to be conveyed was sold, which is the contention advanced by the defendant and adopted by the trial justice.

This court has had occasion to consider said statute in two reported cases. In *Thurston* v. *Miller,* 10 R. I. 358, questions were raised regarding the sufficiency of the advertising of a tax sale, and regarding the sufficiency of the return of his proceedings made by the tax collector into the office of the city clerk within ten days after such sale. In that case apparently the tax deed in question was executed and delivered before the return was made. In discussing the issues raised, and in referring to the right of redemption in this state, the court, by way of *dictum,* made the following statement at page 363 of its opinion: "The redemption here is from the purchaser, and not from the collector. The deed may be made at any time after the sale, and before the time limited for the collector's return."

In *Clark* v. *Baker,* 47 R. I. 1, the evidence showed that, following the holding of the tax sales under consideration in that case, nothing was done by any of the interested parties for approximately thirteen months. Then certain checks, apparently in satisfaction of the bids made at the tax sales, came into possession of the tax collector, who then executed his deeds covering the properties involved. The court in that case did not feel it necessary to pass directly upon the question now before us, but stated at page 5 of its opinion: "The collection of the price bid and the giving of the deed are certainly vital parts of the tax collector's proceedings but the present case does not call for a decision concerning the giving of a deed within ten days. Whether or not the deed must be executed and delivered within ten days from the time of sale, the statute fairly construed calls for the payment of the purchase money before the return is made."

The court then held that the statute had not been complied with, and that no title was conferred by the tax deeds in question. Further, the court in its opinion discussed the case of *Thurston* v. *Miller, supra,* and in particular referred to and construed the language we have hereinbefore quoted from that last-mentioned case. In the *Clark* case the court also used the following language at page 5 of its opinion: "There is much in Section 16 to lead one to believe that the statute contemplated a completed transaction in ten days including the giving of a deed."

The plaintiff argues that the observations of the court in the above cases are merely *dicta* on the issue now before us and, therefore, are not necessarily binding in the present case. In addition, it calls our attention to the fact that in sec. 16, *supra,* there is no specific reference to the making or delivery of a deed, or to the fixing of any time for so doing. This is correct. However, an examination of chap. 62, *supra,* discloses no other section therein which fixes directly, or even by implication, any such time, and if one existed when the deeds in the instant case were made, it would appear to be impliedly provided for under a reasonable construction of sec. 16, *supra.* That the legislature must have intended that said section contain by implication some limitation of time for the execution and delivery of a tax deed seems a reasonable deduction. Otherwise it might become difficult to fully safeguard the rights of the owner of the property sold, in regard to the matter of redemption, and also to give effect to all parts of the statute. In our opinion, it cannot successfully be maintained that it was the legislative intent that a tax collector should have an *indefinite* time for executing and delivering his deed.

The question of redemption is discussed in *Clark* v. *Baker, supra,* where it is pointed out that an owner, whose real estate has been sold for taxes, has a statutory right to redeem it within a fixed time by paying certain sums, not to

the tax collector, but to the purchaser at the tax sale. Obviously, the latter must have paid to the tax collector the amount bid, before the owner is in a position to exercise his statutory right of redemption. *Clark* v. *Baker, supra.* Since it was held in that case that, by sec. 16, *supra,* the purchaser must pay the tax collector the amount of the bid within ten days after the sale, it seems reasonable to hold that the latter should execute and deliver his deed within the same period as part of *all* his proceedings.

Usually a purchaser of real estate, apart from statutory regulation, is entitled to insist upon the delivery of the deed at the time when he pays the purchase price of the property. However, considering the many practical differences between the usual sale and a tax sale, the legislature apparently thought it reasonable to extend to the limit of ten days the time for the tax collector to deliver the deed as a vital part of *all* his proceedings. At least this is a reasonable interpretation, in our opinion, of the language and purpose of the statute, especially since this statute is in derogation of the common law.

After considering the statute now before us, in order to ascertain if possible its intent and meaning and to give it complete effect, and after weighing the statements made in the two cases cited above in which that statute was discussed, we are of the opinion that, reasonably construed, such statute requires that a tax deed must be executed and delivered within ten days after the tax sale in question. That the statute might be so construed, if the point was ever definitely raised, was indicated by the court in the *dicta* in the two cases above cited. Considerable time has passed since those decisions were rendered and to our knowledge such *dicta* have not been questioned, but apparently have been acquiesced in. No change was made in the statute until recently. While such a course of conduct is not in any way controlling on the court, nevertheless it seems proper to give

it consideration when the court is called upon to construe the statute.

We find that the trial justice was correct in overruling plaintiff's demurrers to the first and second special pleas, and in his decision that the tax deeds in the instant case were invalid because they were not executed and delivered within the time above stated, the sale in question having been held September 26, 1935 and the deeds having been executed October 29, 1935, and no special facts or circumstances appearing in aid of the plaintiff.

The question now before us has been clarified by the passage of public laws 1939, chap. 695. The parties in the instant case have argued that the pertinent part of that chapter supports their respective positions in regard to the construction which should be placed upon sec. 16, *supra*. In our opinion, however, this very recent statute is of no assistance in construing and ascertaining the meaning of said section.

In view of our present holding that the construction of sec. 16, *supra*, contended for by the defendant is correct, and that the tax deeds in question are invalid, we find it unnecessary to consider and pass upon the defendant's exception.

The plaintiff's exceptions are all overruled, and the case is remitted to the superior court for the entry of judgment for the defendant on the decision.

Moss, J., dissenting. The conclusion reached by the majority of the court in this case seems to be based mainly on statements made in the opinions in *Thurston* v. *Miller,* 10 R. I. 358, and *Clark* v. *Baker,* 47 R. I. 1, and which are admitted in the foregoing opinion to be only *dicta.* A careful consideration of the language of the opinion in the former of those two cases has fully convinced me that the statement

therein which was relied upon in the opinion in the latter of them and in the opinion of the court in the instant case was not even a *dictum* in favor of the conclusion that a sale of real estate for the collection of an unpaid tax thereon is invalid, unless a deed to the purchaser is made within ten days after such sale.

This statement was as follows: "The deed may be made at any time after the sale, and before the time limited for the collector's return." The pertinent statutory provision required that the collector making the sale "shall make a return of all his proceedings" within ten days after the sale. The first noticeable feature of the statement is that it is not at all equivalent to a statement that the deed *must* be made before the time limited for the collector's return; and the only way to get the latter meaning from it is by the application of the old maxim *"expressio unius est exclusio alterius"*, which is a dangerous maxim to apply. *In re The Constitutional Convention,* 55 R. I. 56, 79 *et seq.; Industrial Trust Co.* v. *Goldman,* 59 R. I. 11, 18.

To my mind an examination of the context of the sentence above quoted from *Thurston* v. *Miller, supra,* shows convincingly that the court in that case had no intention to construe the statutory provision in question as *requiring,* and not merely *permitting,* the collector's deed to the purchaser to be made within ten days after the sale. The statutory provision then was the same as the corresponding section involved in the instant case, except that then the last clause was "which return shall be *prima facie* evidence of the facts therein stated", and in the later section the words *"prima facie"* are omitted.

This court, before which the case was tried without a jury, found that the return, which the collector who had made the sale had filed within ten days thereafter, did not show compliance by him with all the essential requirements for a valid sale. It also found that the plaintiff, who had

purchased at the sale the real estate in question and received a deed of it from the collector, had introduced evidence at the trial to prove that the collector had complied with these requirements.

The defendant, however, who owned this real estate, if the deed was invalid, had contended "that for these defects in the return, the sale is void, and that to render the deed valid, the return must not only be made within the ten days, but must be a return of *all* the proceedings of the collector down to the time of making the sale."

Clearly his contention was that if the *return* did not show compliance by the collector with all the requirements for a valid sale, the deed would be void, even if it could be shown by extrinsic evidence that he had *in fact* complied with all these requirements down to the time of filing his return. This was the contention that this court was discussing on page 363 of its opinion.

In so doing, it stated that its attention had been called "to several cases in other states holding that without a return of all a collector's proceedings within the time prescribed by their statutes the collector's deed will be void." It then went on to distinguish those cases, from the one then before the court, on the ground that the statutes in *those* states, relating to sales for taxes, varied essentially from the corresponding statute in this state.

It pointed out that in *those* states the owner's right to redeem from the sale was exercisable during a period of a certain length, beginning at the time for the collector's return, which must be filed within thirty days after the sale, the redemption must be from the *collector,* and no deed could be given until *after* the collector had made his return and the time for redemption had expired.

Evidently in such a situation the collector's return could not include a recital of the making of the *deed* and it would

be reasonable to hold that the return *must* include a state-
ment of *all* the collector's proceedings in the matter up to
and including the sale. But that reasoning would not apply,
if the deed could, under the statute, be made *before* the ex-
piration of the time limited for the filing of the collector's
return. Then, if it was so made and recorded, it might serve
the purposes of a proper return, by stating compliance by
the collector with the requirements of a valid sale, or it
might be possible, by extrinsic evidence, to prove such com-
pliance.

In either of these situations it would be unjust to the
purchaser-grantee to have his deed held to be invalid be-
cause the collector, after making the deed, did not file a
complete return. This, in my judgment, is just what this
court had in mind when it pointed out that the statute in
this state differed vitally from those in the other states re-
ferred to, in that *here* the redemption must be from the
purchaser and not from the collector, and the deed *might* be
made *before* the time limited for the collector's return.

The deed must of course be made after the *sale,* and the
question whether or not it could validly be made *after* the
time limited for the collector's return had no relevancy what-
ever to the matter then under discussion by the court.
Therefore I cannot see why this court should have wished
to express any opinion about that, especially without any
discussion of that question or any consideration of the sec-
tion involved, when read in the light of other relevant sec-
tions of the same chapter.

What this court said was this: "The deed may be made
at any time after the sale, and before the time limited for
the collector's return". The use of the word "may" instead of
"must" is most noticeable; and the use of the comma after
the word "sale" clearly indicates to my mind that the sen-
tence was intended by the court to have the same meaning
as if it had been: "The deed may be made *at any time* after

the sale, and may be made before the time limited for the collector's return". In my judgment it should be so interpreted and not as impliedly stating that the deed must not be made after the return.

Therefore there is, in my judgment, no reason for believing that this court in its opinion in that case intended to make any ruling or to express any opinion as to when the period for the making of a deed would *expire*. It should also be noticed that in that case this court found that the collector's return did not show that he had complied with all the statutory requirements for a tax sale of real estate, no proceedings by him by way of giving the required previous notice of the sale being stated. Yet this court held that this omission in the return was not fatal to the validity of the deed; but that compliance by the collector with the statutory requirements could be proved by extrinsic evidence.

This shows that this court was then interpreting *liberally* the section in question and tends strongly, I think, to support the view that it did not mean to lay down a rule that a tax deed cannot be valid, unless made before the expiration of the period of ten days next after the sale. The decision also definitely placed this court in the class of supreme courts which have held that in statutes requiring an officer who sells real estate for taxes to do certain things, only those provisions are mandatory which tend to protect the rights of those whose real estate is being sold.

It is true that the opinion of this court in *Clark* v. *Baker, supra,* contained the language quoted in the opinion of the court in the instant case to the effect that there was much in sec. 16 "to lead one to believe that the statute contemplated a completed transaction in ten days including the giving of a deed." But this also was purely a *dictum,* which was not supported by any discussion of the language of that section; and it appears to me to have been mainly based on

a misconception of the reasoning, and the meaning of the language used, in the *Thurston* case.

To my mind it seems clear that when sec. 16 of G. L. 1923, chap. 62, is read in connection with other sections in the same chapter, the most natural and reasonable conclusion is that the collector who has made a sale of any real estate for the collection of a tax thereon is not required to make to the purchaser a deed thereof within ten days after such sale.

The first general statutory authority that is given by chap. 62 to the collector to make such a sale is in sec. 11, as follows: "The collector may advertise and sell any real estate liable for taxes in the manner hereinafter directed." There is no mention of the matter of a *deed* before sec. 17. The intervening sections seem to me to relate only to the matter of the sale itself, and to be not intended to regulate the separate matter of the making of a deed in accordance with the sale.

When it is stated in sec. 16 that "the collector, in all cases of sales of real estate, shall make a return of all his proceedings", this last word must, in my judgment, be taken as referring only to his proceedings *in making the sale,* which would include the giving of previous notice thereof and the particulars of the sale itself, and might well include the receipt of the purchase money, but need not include the making of a deed. It may be that if he has made a deed before making his return, it would be proper, under this section, for him to cover that in his return.

But to hold that the words "all his proceedings" must be construed as *necessarily* including the making of a deed, although the matter of a deed is not mentioned at all in the chapter before sec. 17, is, to my mind, giving a very strained construction to the language of sec. 16, a construction which is not justified by anything in the whole chapter.

It seems evident to me that the making of a deed is not a necessary part of a sale of real estate; but that the making and delivery of a deed is the *execution* by the vendor of his part of the *contract* that constitutes the sale. Therefore, and because of the absence in the chapter of any previous mention of a deed, it seems clear to me that the "proceedings", of which the collector is required by sec. 16 to file a return, do not include the making of a deed. This view is supported by language in the opinion in *Clark* v. *Baker,* *supra,* where, on page 4, this court said, after referring to sections 13, 14, 15, 16, 17, 18, 22, 23, 24 and 25 of G. L. 1923, chap. 62: "Examination of these sections leaves no doubt that the sale referred to is the auction sale and not the transaction completed by delivery of the deed."

Moreover, it seems clear to me on sound principle, and to be supported by the greater weight of authority, that the requirement, in statutes of this sort, of the filing, by a tax collector or other officer who has sold real estate for the collection of a tax thereon, of a report or return of his proceedings in making such sale is for the protection of the right of the owner of such real estate to redeem it from the sale; and that the only provisions with regard to such sale which are mandatory, so that the owner may have such sale held void, if they have not been complied with, are those which are inserted for the protection of his right to pay the tax before the sale has taken place or of his right to redeem the real estate from the sale. See *Landis* v. *Vineland,* 61 N. J. L. 424, 39 A. 685.

There, at page 425 (686), the court says: "The question whether the title of a purchaser at a tax sale can be defeated by the failure of the officer to make return of his proceedings within the time prescribed by law, has been answered by courts both affirmatively and negatively. Some have held that all such provisions of the statute are mandatory, and strict compliance with them is necessary to perfect the title

of the purchaser; others have decided that only those provisions are mandatory which tend to protect the rights of parties jeopardized by the sale, and that in other respects statutory rules as to the officer's proceedings subsequent to the sale are merely directory."

Then, at page 426 (686), after discussing several New Jersey cases and quoting from the opinions therein, the court says: "On these cases it seems safe to say that all proceedings up to and at the sale must be in accordance with the directions of the statute, and that such proceedings subsequent to the sale as are designed for or are conducive to the protection of the owner must likewise be regularly taken."

In the instant case I cannot see that the making and reporting, by the collector, within ten days after the sale of a deed of the real estate sold, are any protection to the right of the owner to redeem the real estate from the sale or to any other right of his. The period of time during which that right may be exercised runs from the *sale* and not from the making of the deed; and therefore it makes no difference, in the exercise of the right to redeem, *when* a deed of the real estate has been made or whether any has been made at all, or whether, if made, the making of it is stated in the collector's return.

If the collector complies with the statutory requirements, for his proceedings in giving notice of, and in making, the sale, and files a record of such proceedings within ten days after the sale, and collects the purchase price, the right of the owner to redeem, from the purchaser, is equally protected whether or not the collector has made a deed of the real estate to the purchaser *within the ten days or at any time.*

It is noteworthy, also, that sec. 17 of the same chapter, the section which states the effect of the deed made of real

estate sold for the payment of taxes, does not prescribe any period of time within which the deed must be made, in order to be effective. If the framers of the chapter had intended to require therein that, in order for the deed to the purchaser of land at a sale for taxes to be valid, it must be made within ten days after the sale, they would, in my judgment, have stated such requirement in this sec. 17, and not left it to be *inferred,* by what seems to me a very strained construction, from the language of sec. 16.

Moreover, it is also noteworthy that in sec. 18 of the same chapter, which provides for the right of redemption, by the owner, of real estate sold for taxes, it is stated that such owner "may redeem the same upon repaying to the *purchaser* the amount paid therefor . . . ." (italics mine) It seems clear to me that if the drafters of the chapter had intended by sec. 16 to require that a deed *must* be made to the purchaser within ten days after the sale, and might be made before the filing of the return in the town clerk's office, they would have provided in sec. 18 that the owner could redeem the real estate from the *"grantee"* of such real estate and not that he could redeem it from the *"purchaser"*.

After careful reading and consideration of the language of this chapter, I am unable to see therein a single indication of such an intent and I find much to the contrary; and I am convinced that under that section a tax deed cannot properly be held to be invalid because it was not made within ten days after the tax sale. Therefore, I must respectfully dissent from the opinion of the court and from the result reached therein.

### On Motion for Reargument

Per Curiam. After the filing of our opinion the plaintiff, by leave of court, filed a motion for reargument. We have carefully considered said motion and the reasons assigned therefor.

However, as the motion contains no matter which was not fully considered and passed upon before the filing of our opinion, the motion is denied and dismissed.

*Lisker, Sullivan & Lisker,* for plaintiff.

*Russell W. Richmond,* for defendant.